IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

IN RE:

Chapter Kris Jackson, Involuntary Chapter 7

Alleged Debtor,

CHAPTER KRIS JACKSON Adv. No. 25-04023-can

Plaintiff,

vs

ERIC JOHNSON, et al
/

# FIFTH AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

Appellant Chapter Jackson hereby respectfully submits this Fourth Amended Notice of Appeal to include final orders entered after the initial Notice of Appeal filed, pursuant to Fed. R. Bankr. P. 8002(a)(1)(A).

**Part 1: Identify the appellant:**

**1. Name of the appellant**

Chapter Kris Jackson

**2. Position of appellant in the adversary proceeding and bankruptcy case that is the subject of this appeal:**

For appeals in an involuntary bankruptcy case adversary proceeding: The appellant was the alleged debtor in the involuntary chapter 7 bankruptcy case 23-41601-can7 and plaintiff in the adversary case Adv. No. 25-04023-can.

**Part 2: Identify the subject of this appeal:**

**1. Describe the judgment, order, or decree appealed from:**

*ORDER DENYING Appellant's request under 11 U.S.C. § 303(i) Attorney Fees* **[ECF 91]** *(case: 25-04023-can);*

*ORDER GRANTING MOTIONS TO DISMISS ADVERSARY AND DENYING MOTION TO COMPEL ARBITRATION MADE WITHIN THE COMPLAINT*; Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 104]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER GRANTING EQUIFAX INC'S MOTION TO DISMISS ADVERSARY [ECF No. 79] WITH PREJUDICE AND DENYING MOTION TO COMPEL ARBITRATION MADE WITHIN THE COMPLAINT;* Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 105]**– Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER GRANTING CASE LINDEN P.C., CASE LINDEN KURTZ BUCK P.C., PATRIC SHANE LINDEN, TREVOR M. BOND, JAMIE L. WELCH, AND KEVIN D. CASE'S MOTION TO DISMISS [ECF No. 29] WITH PREJUDICE AND DENYING MOTION TO COMPEL ARBITRATION MADE WITHIN THE COMPLAINT;* Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 109]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER GRANTING MOTION TO DISMISS [ECF NO. 31] OF BRENDA SCHWAB, AS TRUSTEE OF THE ESTATE OF HORST SCHWAB WITH PREJUDICE;* Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 113]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER GRANTING MOTION OF DEFENDANTS T.E.N. INVESTMENTS, INC., SOAVE ENTERPRISES LLC, SOAVE AUTOMOTIVE GROUP, INC., SOAVE AUTOMOTIVE – ST. LOUIS LLC, KCMER INVESTMENT, INC., ANTHONY L. SOAVE, ANGELA LEWITZKE, EDWARD SCHWARTZ, KEVIN KILLILEA, MARION BATTAGLIA, ROBERT HELLWEG, ANGELIQUE SOAVE, KAYCE JONES, KRAFT TOOL COMPANY, AND RONALD G. MEYER TO DISMISS [ECF NO. 35] WITH PREJUDICE;* Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 121]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

JUDGMENT; Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 123]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER GRANTING MOTION TO DISMISS OF SPENCER FANE LLP, SPENSERV, INC., BLANE MARKLEY, JUSTIN LECK AND ERIC JOHNSON [ECF NO. 58] WITH PREJUDICE;* Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 140]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

JUDGMENT; Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 141]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

**<u>All related, underlying, or derivative rulings merged into these final orders, including but not limited to:</u>**

- Denials of ADA accommodations
- Denials of extensions of time
- Denials of requests for attorney fees under 303(i)(1) /authorization of counsel
- Denials of recusals (Recusal issue is reviewable after final order) ( *In re Kansas Pub. Employees Ret. Sys.* , 85 F.3d 1353, 1358 (8th Cir. 1996) – Also See: Since we had made mandamus "the only recourse available" to challenge § 455(a) denials, we departed from the usual mandamus standard and decided that we would also apply *de novo* (non-deferential) standards to mandamus petitions in this particular context. See *Hook v. McDade* , 89 F.3d 350, 353–54 & n.2 (7th Cir. 1996), citing *Taylor* , 888 F.2d at 1201 ; see also *In re Hatcher* , 150 F.3d 631, 637 (7th Cir. 1998), citing *Hook* , 89 F.3d at 353–54 ; *In re United States* , 572 F.3d 301, 307 (7th Cir. 2009), also citing *Hook* , 89 F.3d at 353–54 ; *In re Sherwin-Williams Co.* , 607 F.3d 474, 477 (7th Cir. 2010), citing *In re United States* , 572 F.3d at 307.) (Mandamus functions in practice as a limited form of interlocutory appeal. See *Martin v. United States* , 96 F.3d 853, 854 (7th Cir. 1996) ("When ... mandamus is being sought against the judge presiding in the petitioner's case, it is realistically a form of interlocutory appeal ...."); see also *Ex parte Crane* , 30 U.S. (5 Pet.) 190, 193, 8 L.Ed. 92 (1831) (*Marshall, C.J.*)) for such denial of recusal and such can be reviewed on appeal upon a final order or judgment; and federal law, authorities details; *The Use of Mandamus for Recusal Issues;* a petition for writ of mandamus is an appropriate method to seek recusal of a district judge under 28 U.S.C. § 455(a) not a direct appeal upon denial. See *SCA Servs., Inc. v. Morgan* , 557 F.2d 110, 117–18 (7th Cir. 1977). A denied §

455(a) motion could be reviewed *only* by mandamus petition, whereas § 455(b) denials could also be reviewed on direct appeal after final judgment. See *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985).

- Denials of requests to transfer venue
- Orders affecting Appellant's ability to litigate, respond, or oppose dispositive motions

These issues are inextricably intertwined and are preserved for appellate review.

**2. State the date on which the judgment, order, or decree was entered:**

November 26, 2025*,* **[ECF No. 91];** December 5, 2025 **[ECF 104];** December 8, 2025 **[ECF 105]**; December 9, 2025; **[ECF 109]** December 10, 2025 **[ECF 113]**; December 15, 2025; **[ECF 121]** Judgment **[ECF 123];** December 17, 2025 **[ECF 140]**; December 17, 2025 **[ECF 141]** (*attached hereto*)

**Part 3: Identify the other parties to the appeal:**

**List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:**

| | | |
|---|---|---|
| Chapter Kris Jackson<br>21151 S Western Ave. Ste 177<br>Torrance, CA 90501<br>424-272-5269<br>jackson@chchproductions.com<br>*(Allege Debtor 1- Dismissed 03/07/2024)* | Attorney: *Pro Se* | |
| Rachel Gossett and Jordan Beswick,<br>Co-Trustees of the Jackson Family Trusts<br>A, B, and C<br>(*Petitioning Creditor*) | Represented by: *Terminated* (None) | |
| U.S. Trustee<br>United States Trustee<br>400 E. 9th St. Rm. 3440<br>Kansas City, MO 64106 | Represented by: | Jill Parsons<br>DOJ-Ust<br>400 E. 9th St. Rm. 3440<br>Kansas City, MO 64101<br>816-512-1943<br>jill.parsons@usdoj.gov |
| Victor F. Weber<br>1044 Main St, Ste 400<br>Kansas City, MO 64105<br>*Added: 04/24/2025*<br>*(Non-party)* | Represented by: | Jason Hans<br>GM Law PC<br>1201 Walnut St, Ste 2000<br>816-471-7700<br>jasonh@gmlawpc.com |

| | | |
|---|---|---|
| Merrick Baker Strauss<br>1044 Main St, Ste 400<br>Kansas City, MO 64105<br>*Added: 04/24/2025* | Represented by: | Jason Hans<br>GM Law PC<br>1201 Walnut St, Ste 2000<br>816-512-1943<br>jasonh@gmlawpc.com |
| Rachel Gossett and Jordan Beswick,<br>Co-trustees of the Jackson Family Trust –<br>Trust "A", and Irrevocable Trusts "B",<br>and "C" established January 7, 1999,<br>as amended | Represented by: | Frank wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>816-292-7000<br>fwendt@brlawkc.com |
| Eric Johnson<br>1000 Walnut St #1400<br>KCMO, 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, Ste 1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |
| Rachel Gossett<br>182 Juniper Rd<br>Roundup, MT 59072 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Jordan Beswick<br>4920 NW Salishan Dr<br>Portland, OR 97229 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Rachel Gossett and Jordan Beswick<br>c/o Grossman Law Firm<br>1770 Iowa Ave, Ste 260<br>Riverside, CA 92507 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Aristocrat Motor Company Inc<br>14200 Mount Olivet Rd<br>Smithville, MO 64089<br>ARMOCO Inc<br>14200 Mount Olivet Rd<br>Smithville, MO 64089 | | |

| | | |
|---|---|---|
| T.E.N. Investments Inc<br>CT Corporation System<br>120 South Central Ave<br>Clayton, MO 63105 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Santander Consumer USA Holdings Inc<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaughan@lewisricekc.com |
| Santander Consumer USA Inc<br>c/o CT Corporation System<br>5661 Telegraph Rd Ste 4B<br>Saint Louis, MO 63129-4275 | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaughan@lewisricekc.com |
| TransUnion LLC<br>c/o CT Corporation System<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | | |
| Kraft Tool Company<br>8325 Hedge Lane Terrace<br>Shawnee, KS 662277 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Partic.linden@caselinden.com |
| Ronald G Meyer<br>8325 Hedge Lane Terrace<br>Shawnee, KS 662277 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Spenserv Inc<br>1000 Walnut St #1400<br>Kansas City, MO 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, #1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |
| Spencer Fane LLP<br>1000 Walnut St #1400<br>KCMO, 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, #1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |

| | | |
|---|---|---|
| Soave Automotive Group Inc.<br>c/o The Corporation Company<br>40600 Ann Arbor Road East, Suite 201,<br>Plymouth, MI 48170 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108 |
| Soave Enterprises LLC<br>c/o The Corporation Company<br>Address: 40600 Ann Arbor Road East, #201<br>Plymouth, MI 48170 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>patric.linden@caselinden.com |
| Soave Automotive Group - St. Louis LLC<br>CT Corporation System<br>120 South Central Ave<br>Clayton Mo 63105 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>patric.linden@caselinden.com |
| Experian Information Solutions Inc.<br>CT Corporation System,<br>350 N St. Paul St.<br>Dallas, TX 75201 | | |
| Angela Lewitzke<br>1507 Laurel St,<br>Kearney, MO 64060 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Edward L. Schwartz<br>10477 E Houghton Lake Dr<br>Houghton Lake, MI 48629 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Kevin Killilea<br>13060 W 52Nd Ter,<br>Shawnee, KS 66216 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Marion Battaglia<br>11513 Rosewood St<br>Leawood KS 66211 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |

| | | |
|---|---|---|
| Robert Hellweg<br>4021 W 94th St.<br>Prairie Village, KS 66207 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Angelique Soave<br>14252 Hobart Ave,<br>Warren MI 48089 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108 |
| Equifax Inc.<br>The Prentice-Hall Corporation System, Inc.<br>1201 Hays Street, Suite 105<br>Tallahassee, FL 32301 | Represented by: | Michael J. Riedl<br>900 W. 48th Pl, #900<br>Kansas City, MO 64112<br>mriedl@polsinelli.com |
| KCMER Investments, Inc.<br>CT Coporation System<br>120 South Central Ave<br>Clayton Mo 63105 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Case Linden PC<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Case Linden Kurtz Buck<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Blane Markley<br>6201 College Blvd., Suite 500.<br>Overland Park, KS 66211-2435 | Represented by: | Leslie A. Greathouse<br>Spenser Fane LLP<br>1000 Walnut Ste 1400<br>Kansas City, MO 64106<br>lgreathouse@spencerfane.com |
| Patric Shane Linden<br>4027 Tracy Ave<br>Kansas City, MO 64116 | Represented by: | Patric Linden<br>Case Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64116<br>Patric.linden@caselinden.com |

Trevor M Bond
c/o Ogletree
700 W. 47th St, Ste 500
Kansas City, MO 64112

| | | |
|---|---|---|
| Jamie L. Welch<br>10812 Noland Ct,<br>Overland Park, KS 66210 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Kevin D Case<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, # 300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Manfred Hetzel<br>14200 Mount Olivet Rd,<br>Smithville, MO 64089 | | |
| Terry Buchholtz<br>13918 Mt Olivet Rd<br>Smithville, MO 64089 | | |
| Stephanie Anne Turner<br>15409 Mastin St,<br>Overland Park, KS 66221 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Anthony L. Soave<br>3400 E Lafayette St,<br>Detroit, MI 48207 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Ana Patricia Botin<br>c/o Banco Santander, S.A.,<br>c/o Santander Consumer USA Inc.<br>C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 | Represented by: | Michael Gaugham<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaugham@lewisricekc.com |
| Brenda Schwab<br>As TTEE The Estate of Horst Schwab<br>13918 Mt Olivet Rd<br>Smithville, MO 64089 | Represented by: | James T. Schmidt<br>2345 Grand Blvd, #200<br>Kansas City, MO 64108<br>james.schmidt@lathropgpm.com |

| | | |
|---|---|---|
| Kayce Jones<br>9400 W 65th St,<br>Merriam, KS 66203 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Justin R Leck<br>c/o Spenserv Inc<br>c/o Spencer Fane LLP<br>1000 Walnut St #1400<br>Kansas City, MO 64106 | Represented by: | Spencer Fane LLP<br>1000 Walnut St, #1400<br>Kansas City, MO 64106 |
| Tim Wennes<br>c/o Santander Consumer USA Inc.<br>1601 Elm St<br>Dallas, TX 75201 | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaughan@lewisricekc.com |
| Christina Riley<br>c/o Santander Consumer USA Inc.<br>1601 Elm St<br>Dallas, TX 75201 | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaughan@lewisricekc.com |

Eighth Circuit Bankruptcy Appellate Panel
111 S. 10th St, 24th Floor
St. Louis, MO 63102

**Part 4: Optional election to have appeal heard by District Court:**

**If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.**

___________ Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below:**

Dated: 12/18/2025

Respectfully Submitted,

By: ______________________

Chapter Kris Jackson
21151 S Western Ave. Ste 177
Torrance, CA 90501
424-272-5269
jackson@chchproductions.com
*(Debtor 1- Dismissed 03/07/2024)*

**CERTIFICATE OF SERVICE**

I Chapter Jackson, hereby certify that on December 18, 2025, I caused a true and correct copy of this notice of appeal was served upon the parties who are entitled to notice pursuant to Fed. R. Bankr. P. 2002, Local Rule 2002-1 by the ECF system electronic service and those who are named as parties and or who are interested parties and have not yet appeared and are not receiving electronic notice via US mail postage prepaid as follows:

Aristocrat Motor Company Inc
14200 Mount Olivet Rd
Smithville, MO 64089

ARMOCO Inc
14200 Mount Olivet Rd
Smithville, MO 64089

TransUnion LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Experian Information Solutions Inc.
CT Corporation System,
350 N St. Paul St.
Dallas, TX 75201

Manfred Hetzel
14200 Mount Olivet Rd,
Smithville, MO 64089

Terry Buchholtz
13918 Mt Olivet Rd
Smithville, MO 64089

Eighth Circuit Bankruptcy Appellate Panel
111 S. 10th St, 24th Floor
St. Louis, MO 63102

______________________________
Chapter Kris Jackson

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| | ) | |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER DENYING MOTIONS OF CHAPTER JACKSON (1) FOR ATTORNEY RETAINERS/FEES, REQUEST FOR ORDER DIRECTING PETITIONING CREDITORS TO ADVANCE FUNDS FOR COUNSEL UNDER 11 U.S.C. § 303(i) FOR THE MAIN BANKRUPTCY CASE AND ADVERSARY CASE, AND REQUEST FOR 60 DAY EXTENSION UPON [SIC] DEADLINES AND (2) FOR EXTENSION OF TIME, REQUEST FOR STAY, REQUEST FOR DISABILITY ACCOMMODATIONS AND REQUEST TO TRANSFER**

The Court reviews the MOTIONS OF CHAPTER JACKSON (1) FOR ATTORNEY RETAINERS/FEES, REQUEST FOR ORDER DIRECTING PETITIONING CREDITORS TO ADVANCE FUNDS FOR COUNSEL UNDER 11 U.S.C. § 303(i) FOR THE MAIN BANKRUPTCY CASE AND ADVERSARY CASE, AND REQUEST FOR 60 DAY EXTENSION UPON [SIC] DEADLINES[1] and (2) FOR EXTENSION OF TIME, REQUEST FOR STAY, REQUEST FOR DISABILITY ACCOMMODATIONS AND REQUEST TO TRANSFER.[2] For the reasons set forth below, and finding that holding a hearing on the Motions is unnecessary, given the frivolous nature of the Motions, the Motions are DENIED.

[1] ECF Nos. 237 (main case) and 87 (adversary).
[2] ECF Nos. 238 (main case) and 88 (adversary).

### *Summary of Relief Requested*

This is a dismissed involuntary chapter 7 case against Chapter Jackson. This Court was directed by the Eighth Circuit Bankruptcy Appellate Panel ("B.A.P.") to hold an evidentiary hearing on Jackson's motion for sanctions, damages, and other relief (the "Sanctions Motion") against the single petitioning creditor; the Court had exercised its discretion to deny Jackson's Sanctions Motion when the Court abstained and dismissed the involuntary, having found no special bankruptcy purpose for the single creditor filing as required by Eighth Circuit authority.[3] The Court otherwise incorporates the procedural and factual background as set forth in the Court's numerous previous orders, including the order of abstention and dismissal.[4]

In essence, in her most current Motions, Jackson alleges that she has health conditions that prevent her from prosecuting her Sanctions Motion against the petitioning creditor and the lawyer and law firm who represented that creditor in the involuntary proceeding (collectively, the "Weber Parties") as well as the adversary complaint she filed seeking multiple millions of dollars against some 40+ other defendants as alleged "de facto" petitioning creditors. Arguing that she has established her right to attorney fees under 11 U.S.C. § 303(i)(1)(B), and that she is unable to find an attorney to represent her due to alleged conflicts of interest and her financial inability to fund a retainer, Jackson requests that the Weber Parties be compelled to pay her a retainer and that all deadlines in the main case and adversary proceeding be stayed for 60 days while she searches for an attorney.

In addition, Jackson requests that the Court grant her a 60-day stay and provide ADA accommodations due to an alleged vision disability, based on an assault that occurred on May 18, 2024, and self-described "medical emergencies" that allegedly occurred on October 14 and

---

[3] ECF No. 97.
[4] *E.g.*, ECF Nos. 97, 182, 184, 202, 210, 215, 216, 228, 233.

November 12, 2025. In the alternative, if she is unable to find an attorney in the Western District of Missouri, she requests that the Court transfer the proceedings to another District and also stay the proceedings while she attempts to retain an attorney in a new locale.

The Court addresses the request regarding a retainer and related requests, and the request for ADA accommodations and those related requests, separately.

***Compliance with Court's November 6 Order Imposing Filing Requirements***

At the threshold, the Court notes that its November 6 Order[5] imposing filing requirements on all parties established page limits for all future filings and font and line-spacing requirements, to prevent parties from evading the page limits by using a smaller font or by decreasing the line-spacing. The November 6 Order also allowed parties to exceed those limits upon the filing of a motion and required parties to certify whether they had used GenAI-type technology in preparing their filings and, if so, whether they had verified the filing for accuracy.

Jackson's Motions, which employ an 11-point font, violate the Court's November 6 Order. Jackson previously violated the Court's November 6 Order in filings that grossly exceeded the page limit using only 1.5 line spacing. As a result, the Court struck both filings.[6] But since both Motions here would not exceed the 15-page limit if a 12-point font were used, the Court will not – this time – strike Jackson's Motions for non-compliance with the November 6 Order. The Court warns Jackson again, however, that future filings must use a 12-point font and otherwise comply with the Court's November 6 Order; any noncompliant filings in the future will be stricken or summarily denied under the terms of the November 6 Order.

---

[5] ECF Nos. 216 (main case) and 68 (adversary).
[6] ECF No. 228.

***Motion to Compel Weber Parties to Fund Retainer; Motion to Transfer to New Venue; and Motion to Stay Proceedings to Allow Time to Find an Attorney***

Jackson argues that § 303(i) is a "fee-shifting" provision, and that because the involuntary bankruptcy case was dismissed, she is in essence *ipso facto* entitled to attorney fees and an advance retainer to assist her in finding an attorney. This is a variation on the frivolous argument Jackson has made in many other filings in this Court and elsewhere: that when the B.A.P. remanded this case with the direction that this Court hold an evidentiary hearing on her Sanctions Motion,[7] the B.A.P. also concluded she was entitled to attorney fees, damages, and a bond. Jackson also argues that she is unable to find an attorney in this area, and therefore requests her case be transferred to another, unspecified venue to assist her in finding an attorney. These requests are frivolous.

First, Jackson is simply wrong about § 303(i)(1). As pertinent here, § 303(i)(1) provides that "[i]f the court dismisses a petition . . . the court may grant judgment – against the petitioners and in favor of the debtor for – (A) costs; or (B) a reasonable attorney's fee." Section 303(i)(1) by its express terms thus does not operate as a "fee-shifting" provision unless and until the bankruptcy court chooses to exercise its discretion to award a judgment in favor of the dismissed debtor for either costs *or* a reasonable attorney fee. The B.A.P. did not overturn this Court's conclusion of law that, under Eighth Circuit authority, whether to award any costs, attorney's fees, or other relief under §§ 303(i)(1) or (2) is subject to the bankruptcy court's discretion.[8]

Moreover, unlike the Ninth Circuit, for example, the Eighth Circuit has never interpreted § 303(i)(1) as creating a presumption that attorney's fees and costs must be awarded upon

[7] ECF No. 107.
[8] For authorities governing a bankruptcy court's discretion to award costs or fees, *see In re Iowa Coal Min. Co., Inc.*, 242 B.R. 661 (Bankr. S.D. Iowa 1999), citing *In re Nordbrock*, 772 F.2d 397, 400 (8th Cir. 1985). It should be noted that Jackson is also seeking damages under § 303(i)(2) for the alleged bad faith filing.

dismissal.[9] Although Jackson's Sanctions Motion seeks reimbursement for attorney fees incurred for two lawyers who entered no appearance but allegedly assisted her with the involuntary proceedings, her potential recovery of those fees under § 303(i)(1) is far from assured; the Weber Parties cite authority in their pending summary judgment motion that a *pro se* party is not entitled to attorney fees under those circumstances.[10] Jackson cites no authority for the extraordinary proposition that, in derogation of the express language of § 303(i)(1) and the so-called "American Rule,"[11] this Court could compel the Weber parties before any judgment has been entered against them to pay Jackson a retainer to fund her litigation against them and the other 40+ defendants. Such extraordinary relief is not supported by any provision of the Bankruptcy Code or Rules, or any other authority.

Second, even if the plain language of § 303(i)(1) could be tortured into providing some authority for Jackson's request for this extraordinary relief, the Court would exercise its discretion to decline to do so under the circumstances of this case. The involuntary petition was filed on November 16, 2023. Jackson advised the Clerk's office on December 20, 2023, that she would not be attending an upcoming hearing because she was in the hospital but upon being released it was "her intention to continue to seek counsel" to contest the involuntary.[12] Since then, Jackson has had more than two years to find a local attorney and has failed to do so. She allegedly had the assistance of two out-of-state lawyers during the involuntary proceedings and the appeal, based on her request for reimbursement of their time in her Sanctions Motion. Yet Jackson does not explain

[9] *See, e.g., In re Macke Intern. Trades, Inc.*, 370 B.R. 236, 255 (B.A.P. 9th Cir. 2007), citing *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 707 (9th Cir. 2004).
[10] ECF No. 154. The Weber Parties' motion for summary judgment is under advisement.
[11] *In re Macke Intern. Trades, Inc.*, 370 B.R. at 249 (each party to bear their own attorney fees in the absence of express statutory language, contract, or bad faith). In addition, Jackson bears the burden of proof for her entitlement to fees, costs and other damages under § 303(i), since the Eighth Circuit does not presume entitlement to fees, costs, and other damages like some other Circuits, as discussed previously.
[12] As reflected in a private clerk's note entered on the docket.

why those lawyers could not have secured the assistance of local counsel and entered an appearance before now.

Jackson blames conflicts with this Court and the parties for not finding any local attorney willing to help her, in addition to alleged financial woes. She has not provided any affidavit showing financial inability to procure an attorney, however, and has not moved for leave to proceed on her pending appeal and writ of mandamus against this Court *in forma pauperis*.[13] It is more likely, in the Court's view, that Jackson's history of being a vexatious and prolific litigant may also have factored into local lawyers' decisions to decline representation of her in these cases. It seems more than coincidental that it was only after the Court began imposing strict deadlines and cracking down on Jackson's abusive, frivolous, and vexatious filings that Jackson suddenly decided she needed a local lawyer to assist her. Her request that the proceedings be stayed to give her time to obtain counsel is without any legal or factual basis and is therefore denied.

Finally, Jackson's request in the alternative that the case be transferred to another district where she might be able to find another attorney is also without basis. Venue of the involuntary proceeding was properly lodged in the Western District of Missouri. Jackson never challenged venue in this District, and she has waived any challenge to venue by failing to raise it in her response to the involuntary petition.[14] Jackson also specifically alleged in her adversary complaint that venue was "proper" in this District, so is likely judicially estopped from denying that venue is proper here.[15]

---

[13] *Jackson v. Gossett, et al (In re Jackson)*, Case No. 24-6014 (8th Cir. B.A.P.); *In re Jackson*, Case No. 25-3226 (8th Cir.).
[14] ECF No. 36. Fed. R. Civ. P 12(b)(6)(3), as made applicable by Fed. R. Bankr. P. 7012.
[15] Adversary Complaint, ECF No. 1, ¶ 54.

Although a court may transfer venue of a bankruptcy proceeding "in the interest of justice" or for "the convenience of the parties,"[16] Jackson fails to cite any grounds that would support transfer of venue to some unspecified other district. Jackson has litigated here two years without ever challenging venue. She initiated an adversary complaint in this District. The Weber Parties are represented by lawyers here, as are many of the defendants in the adversary proceeding. It would serve neither the interests of justice nor the convenience of the parties to transfer venue now.

Rather, Jackson's belated attempt to transfer venue at this date appears to be yet another litigation tactic to avoid the undersigned Judge, given that Jackson has tried and failed to disqualify this Judge and is now seeking a writ of mandamus against this Judge for allegedly failing to grant her an evidentiary hearing on her Sanctions Motion. This Court's Orders denying her motions to disqualify are final and were not appealed and the request to transfer venue at this late date is simply an unwarranted collateral attack on those final orders.

Jackson's requests to compel the Weber Parties to pay her a retainer or in the alternative to transfer venue and to stay proceedings while she seeks an attorney are DENIED, as are all other related requests for relief.

***Motion For Stay and for ADA Accommodations Due to Alleged Health Reasons & Disability***

Jackson asserts that she suffers from several chronic health conditions; that the ongoing litigation has exacerbated these conditions due to stress; that she requires the Court to provide ADA accommodations related to a vision disability; and likewise needs a stay of all deadlines for 60 days due to the health conditions and disability. These requests will also be denied as meritless.

---

[16] 28 U.S.C. § 1412.

At the outset, the Court states that the ADA does not apply to the federal judiciary, and Jackson has cited no statutory or other authority to the contrary. Notwithstanding that the ADA does not apply, this Court has always granted reasonable accommodations to litigants, based on specific requests (following the Eighth Circuit's guidance, as stated on its website) for people with hearing, sight, mobility, and related issues. And the Court has, up to this point in the case, been accommodating of Jackson's needs for continuances or extensions due to health-related and other reasons.[17] So, the decision to deny a request for stay in this case or an extension due to alleged medical issues or a visual disability is not one the Court takes lightly.

Nonetheless, even taking Jackson's allegations of medical issues and visual disability in the light most favorable to her, and assuming she accurately represents her health condition, the Court believes based on the record before it that those issues have not impaired Jackson's ability to represent herself and therefore are not grounds to grant a blanket, 60-day stay or other accommodations as sought in her Motions.

First, with respect to the Sanctions Motion pending in the main case, there are no immediate deadlines for the Court to stay or to grant extensions of; Jackson's time to designate expert witnesses has expired and discovery does not cut off for another 60+ days, or until February 5, 2026.[18] Dispositive motions in the main case are not due until March 9, 2026. The final pretrial hearing, at which time the Court advised the parties it would set an evidentiary hearing, is set for March 25, 2026.[19] Jackson has not shown why she cannot complete any discovery she desires to take within the 120 days she and the Weber Parties agreed to when the Court held its status hearing

[17] *See, e.g.*, ECF Nos. 115, 166 (granting Jackson's email request to continue a hearing due to loss of a family member); ECF Nos. 167, 168 (granting Jackson's motion to extend time and continue a hearing due to her vision impairment).
[18] ECF Nos. 182, 184.
[19] ECF Nos. 182, 184.

on October 8, 2025 and issued discovery deadlines.[20] Should Jackson have a specific need for an extension or accommodation based on a specific showing of cause, the Court will take it up at that time. Otherwise, Jackson's request for a 60-day stay of the Sanctions Motion is essentially moot.

Second, with respect to the adversary proceeding, there are pending deadlines and a first pretrial conference scheduled for January 7, 2026. The Court has just denied another party's request for a continuance of the pretrial conference given the sheer number of lawyers involved (at least ten so far) and the concomitant difficulty at this late date of finding another date and time that would work for the Court and all parties, including Jackson.[21] As will be discussed, below, however, the Court does not believe a blanket stay of pending deadlines and a continuance of the pretrial in the adversary proceeding due to Jackson's alleged medical emergencies, health conditions, and visual disability is warranted.

Addressing Jackson's assertions regarding medical emergencies, health conditions and the visual impairment in turn:

Jackson first asserts she has had two "medical emergencies": on October 14, 2025, and another on November 12, 2025. She alleges dire, daily medical issues related to her previous diagnoses and these emergencies, and attaches exhibits, including photos and medical visit summaries, in support. The record does not support Jackson's claims regarding her "medical emergencies."

Again, assuming the exhibits may be taken at face value, Jackson attaches the summary of a visit she made to a Pulmonology and Allergy Clinic on June 8, 2022, appearing to reflect she was treated then for facial swelling and hives; other exhibits reflect a visit to the same clinic on March 8, 2023, and August 29, 2023. The June 8th 2022 visit was more than a year before the

[20] ECF No. 182.
[21] ECF No. 86 (adversary).

involuntary bankruptcy was filed and the other two visits were likewise pre-bankruptcy. The Court has already noted that Jackson told a clerk she was in the hospital on December 20, 2023, but she submits no medical evidence showing she was hospitalized on that date. She later filed a motion to continue on January 2, 2024 stating that she would be unable to attend the next day's hearing due to a "private matter with her health,"[22] but on that very same day she filed a 392-page "Motion for Order (I) Dismissing Involuntary Petition, Nunc Pro Tunc to Filing Date, (II) Imposing Sanctions against Petitioning Creditors, and (III) Directing the Petitioning Creditors to Post a Bond."[23] The Court nonetheless granted the continuance as to her pending objections.[24]

The relevance of this information is that Jackson contends that her vision impairment and medical issues give her "difficulty in accessing the courts" and complying with filing requirements.[25] She had previously alleged in a motion for extension that her vision impairment "substantially hinders her ability to read and process large volumes of documents."[26] But the record reflects that, notwithstanding any visual impairment or medical issues, Jackson has represented herself vigorously throughout the involuntary proceeding, the appeal, and post-remand, and has filed and continues to file numerous and voluminous documents, including continuance and extension requests. Indeed, in the three-and-a-half months the involuntary petition was pending, before the Court dismissed it on March 7, 2024, Jackson filed 30 separate documents, up to and

[22] ECF No. 35.
[23] ECF No. 36.
[24] ECF No. 38. The Court was compelled to deny Jackson's request to continue a hearing on a motion for relief from stay [ECF No. 22] so that defense counsel could continue defense of a civil rights suit Jackson filed against a state court judge who declared her to be a vexatious litigant, given that the Court has a statutory duty to hear such motions within 30 days under 11 U.S.C. § 362(e); Jackson did not respond to the motion for relief in any event.
[25] ECF Nos. 238 (main case) and 88 (adversary).
[26] ECF No. 167.

including the notice of appeal to the B.A.P., comprising an astonishing 3,590 pages in total, by the Court's count.[27]

In addition, one of the Court's stated reasons for denying the Sanctions Motion without a hearing was the fact that, although Jackson had represented to the Court several times she had health issues, she never alleged those health issues were caused by the involuntary filing (and had otherwise claimed no specific damages other than attorney fees).[28] Wrote the Court in its Opinion:

> Ms. Jackson's filings have been exhaustive in their attention to detail, and the Court strongly believes that if [Jackson's health problems were caused by the involuntary petition] Ms. Jackson would have detailed it.

Nor has the record shown that Jackson's health conditions hampered her ability to file pleadings during the appeal and thereafter. The B.A.P.'s mandate of remand was received by this Court on January 2, 2025, recommencing the litigation on the Sanctions Motion.[29] In the meantime, while the appeal was pending, Jackson contends she was assaulted on May 18, 2024, which she alleges has caused her continuing eye pain through today, hampering her ability to represent herself. She attaches what purports to be a police report from that date, and she seeks damages from that assault against the Weber Parties, alleging she would not have been in Kansas City to have been assaulted had they not filed the involuntary petition against her.

Nonetheless, after the assault causing the vision impairment, Jackson filed numerous and voluminous motions before the B.A.P.[30] And from the date of the remand through her next claimed medical emergency, allegedly on March 14, 2025, Jackson filed another 22 documents with this

---

[27] ECF Nos. 10, 30, 31, 35, 36, 41, 43, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 62, 64, 66, 78, 83, 84, 85, 88, 89, 91, 94, 96, 99.

[28] ECF No. 97. The Court also concluded that Jackson would not be entitled to attorney fees, since had not had a lawyer. Jackson did not appeal that conclusion of law.

[29] ECF No. 113.

[30] The Court did not count the number of documents or pages, but the record reflects Jackson made numerous filings between April 8, 2024, and November 13, 2024.

Court, comprising 653 pages.[31] As noted above, during this time frame, one of the documents Jackson filed was a motion for extension of time on August 25, 2025, to file a reply regarding a real party in interest issue, alleging she needed an extension of time until September 4, 2025, because of vision impairment stemming from the assault.[32] The Court granted that motion but, in the meantime, on September 2, 2025, Jackson filed the 141-page adversary complaint against the 40+ other defendants.

As for the alleged medical emergency on October 14, 2025, the exhibits Jackson attaches to her Motions show a visit to Xpress Wellness in Seagoville, Texas on October 13, 2025 with a visit summary printed at 8:30 a.m; the reason for the visit was listed as "Med Refill" and Jackson was prescribed medication for "headache, unspecified; traumatic glaucoma, and urticaria," but no follow up visit was scheduled. There are no exhibits attached showing any "medical emergency," let alone "repeated medical emergencies" on October 14, 2025, as alleged in Jackson's Motions.

In addition, the undated photograph Jackson attaches in connection with that visit summary purports to be a picture of her being loaded or unloaded into an ambulance, but the first responders' shirts bear the name of "Houston Fire"; Seagoville is a suburb of Dallas, not Houston. And just 30 minutes after being discharged by Xpress Wellness on October 13, 2025, at 8:30 a.m. according to the time on the notes, the Court's records reflect that Jackson emailed the Clerk's Office at 9:00 a.m. with an 8-page document to strike the Weber Parties responses, calling into question the nature of this so-called "medical emergency" and its impact on Jackson's ability to represent herself.[33]

---

[31] ECF Nos. 104, 123, 140, 142, 142, 143, 149, 152, 153, 155, 158, 159, 160, 167, 169, 170, 171, 173, 174, 176, 177, 178, 185.
[32] ECF No. 167.
[33] ECF No. 185.

Jackson also attaches to her Motions an exhibit containing a summary of her visit to NextCare Urgent Care (location unknown) on November 12, 2025, which she describes as her second "medical emergency." The exhibit shows the reason for the visit was "rash" and the assessment was hives and facial swelling (angioedema). She was given a refill of a prescription, prescribed other medications, advised to take over the counter medication for pain, and to follow up with a specialist "for continued management and refills – ER for acute worsening."

Regardless of whether this constituted a "medical emergency" – and the Court has no way to tell – between the first alleged medical emergency on October 13 or 14, as the case may be, and the second on November 12, Jackson filed 11 documents comprising 398 pages in the main case alone.[34] In the adversary proceedings, Jackson filed two motions for extension of time, on October 26 and on November 10, neither of which alleged any medical or health issues as the basis for the extension.[35] The day after the November 12 medical emergency, on November 13, Jackson filed a 14-page Third Amended Notice of Appeal[36] and between November 13 and now, Jackson has filed 11 documents (634 pages) in the main case[37] and additional documents in the adversary proceeding. One of the documents was a 290-page "Notice" filed in the main case on November 21, referencing a 103-page writ of mandamus and 7-page motion for leave to exceed page and word limits filed on November 3 with the Eighth Circuit.[38] On November 24, the same day Jackson filed the two 51-page Motions in this case and in the adversary proceeding, Jackson also filed a 21-page emergency motion to stay the proceedings in this Court and a 278-page motion to supplement the writ of mandamus in the Eighth Circuit.

---

[34] ECF Nos. 187, 189, 192, 193, 194, 197, 198, 199, 205, 207, 208.
[35] ECF Nos. 54, 70.
[36] ECF No. 219.
[37] ECF Nos. 219, 224, 225, 226, 227, 230, 231, 232, 235, 237, 238.
[38] *In re Jackson*, Case No. 25-3226 (8th Cir.).

The Court has no doubt that Jackson is stressed by the sheer volume of the litigation she instigated and that that stress may exacerbate her pre-existing health conditions. Other than the eye pain from the assault, however, Jackson's exhibits show she had those medical conditions before the involuntary petition was filed; she knew how to request continuances and extensions when needed due to those conditions; and nothing in the record establishes that she was ever hindered by her health conditions in any way in filing what she wanted to file, at least until the Court established much-needed filing limitations on all parties on November 6. It is unfortunate if Jackson has lingering eye pain from an assault that occurred in May 2024; but, again, nothing in the record establishes that such pain has been an impediment to her ability to file, and as recently as last month she was filing extension requests before this Court without citing any medical or health basis whatsoever. And any eye pain from the assault predated her commencement of the adversary proceeding by more than a year.

The Court could further waste its time addressing Jackson's frivolous requests by looking at what she filed on what dates in the many courts in which she is litigating but declines to do so. Suffice it to say that the record before this Court causes this Court to be skeptical of Jackson's claims that she now needs ADA accommodations and a lengthy stay due to an alleged "visual disability" and medical conditions. Regardless of whether she has a visual disability, Jackson has failed to show how that alleged disability, or her medical conditions, caused her to ignore the Court's November 6 Order and file pleadings in excess of 155 pages of the Court's page limit restrictions without a motion for leave to exceed the page limit.

Although Jackson complains that the Court must accommodate her alleged visual disability, she offers no suggestion for what a reasonable accommodation might be, other than allowing her to use assistive technology in preparing pleadings (which the Court's November 6

Order has not prohibited); alternative means of compliance with Court orders (which the Court's November 6 Order has not prohibited) and imposing a blanket, 60-day stay on the proceedings (deadlines she agreed to at the scheduling conference in October). As the Court noted in its Order striking Jackson's 190 pages of responses filed on November 18 (after the alleged November 12 "medical emergency"), Jackson knows how to file a motion to exceed page limitations when she wants to.[39]

Finally, even if the Court were inclined to pause all litigation for 60 days, to the prejudice of the opposing parties, the Court has no jurisdiction to do so in the main case, since Jackson appealed the Court's scheduling order, divesting this Court of jurisdiction over that order.[40]

In sum, although the exhibits, if accepted as true, reflect that Jackson has some medical conditions, including eye pain and possible visual disability, nothing in the record reflects that she has been impeded in any way in filing motions and responses. Jackson's request for a blanket, 60-day stay as an alleged ADA accommodation and for other, unspecified ADA accommodations is unwarranted, based on the record, and is therefore denied, without prejudice to Jackson's ability to file a reasonable, specific request, stating the need for the accommodation and what she proposes. All other requests are DENIED.

***Conclusion***

For the reasons stated herein, Jackson's Motions are deemed frivolous and DENIED without the need for hearing; all arguments not otherwise addressed herein are rejected as being without legal or factual basis, based on the record before the Court; and all other requests are DENIED. Jackson is warned that, if she continues to file frivolous motions, she will be subject to sanctions under Rule 11 as incorporated by Fed. R. Bankr. P. 9011 and other monetary and

[39] ECF No. 228.
[40] ECF Nos. 187, 189, 194, 197, 208, 219.

nonmonetary consequences as a vexatious litigant under 28 U.S.C. § 1927 and the Court's inherit authority to punish litigants who abuse the court system.

IT IS SO ORDERED.

DATED: November 26, 2025 /s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>ORDER GRANTING DEFENDANTS VICTOR WEBER AND MERRICK, BAKER & STRAUSS, P.C.'s MOTION TO DISMISS [ECF NO. 27] AND ORDER GRANTING MOTION TO DISMISS OF DEFENDANTS RACHEL GOSSETT AND JORDAN BESWICK [ECF NO. 44]</u>**

Pending before the Court is the motion of Defendants Victor F. Weber ("Weber") and Merrick, Baker & Strauss, P.C. ("MBS") (collectively, the "Weber Parties") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] Defendants Rachel Gosset and Jordan Beswick (collectively, the Co-Trustees") have filed a motion to dismiss as well, joining in the motion to dismiss filed by the Weber Parties (the Weber Parties and the Co-Trustees collectively referred to as "Movants.[2] For the reasons set forth below, Movants' motions to dismiss will be GRANTED.

***Introduction***

On November 16, 2023, the petitioning creditor, Rachel Gosset and Jordan Beswick, as Co-Trustees of the Jackson Family Trust A, and Irrevocable Trusts B and C (the "Petitioning Creditor") filed an involuntary petition against Chapter Jackson. Attorney Victor Weber, of the law firm MBS, represented the Petitioning Creditor in the involuntary Chapter 7 proceeding.

---

[1] ECF. No. 27.
[2] ECF No. 44.

On March 7, 2024, the Court abstained and dismissed the Petitioning Creditor's petition.[3] The Court also exercised its discretion to deny Jackson's pending motion, filed on January 29, 2024, for sanctions, damages and other relief (the "Sanctions Motion") against the Petitioning Creditor and the Weber Parties under 11 U.S.C. § 303(i) without a hearing.[4]

Neither party appealed the Court's decision to abstain from and dismiss the involuntary bankruptcy petition. Jackson, however, appealed the Court's denial of the Sanctions Motion without first holding an evidentiary hearing to the Eighth Circuit Bankruptcy Appellate Panel ("B.A.P."). The B.A.P remanded with the direction that the Court conduct an evidentiary hearing on the Sanctions Motion and this Court received the mandate on January 2, 2025.[5]

On September 2, 2025, almost 18 months after filing her Sanctions Motion, and almost two years after the filing of the involuntary petition, Jackson filed this adversary proceeding against more than forty defendants, including the Weber Parties and the Co-Trustees individually, seeking Attorneys' Fees and Costs, and Compensatory, Consequential, Special, and Punitive Damages under 11 U.S.C §§ 105 and 303(i).[6] Jackson's five-count complaint asserts claims for: (1) Attorneys' Fees and Costs under 11 U.S.C. § 303(i)(1) (Count I); (2) Damages for Bad Faith Filing of Involuntary Petition under 11 U.S.C. § 303(i)(2) (Counts II, III); (3) Malicious Prosecution (Count IV); and (4) Abuse of Process (Count V). Jackson also moved to compel arbitration against all defendants based on an alleged arbitration agreement she had with Defendant Santander Consumer USA Inc.[7] Other than the Moving Parties, the other defendants never appeared or had any role in the involuntary proceeding or the appeal; rather, they are all parties against whom Jackson is litigating other, unrelated disputes, in courts around the country, and include lawyers, law firms, corporations, and credit reporting agencies.

Before turning to the Movants' specific legal arguments, another matter regarding the procedural background should be mentioned. The Weber Parties' Motion to Dismiss was filed on

---

[3] Case No. 23-41601, ECF No. 97.

[4] The B.A.P. reasoned that this Court had "informed" Jackson that it would give her an evidentiary hearing. 665 B.R. at 399. That is not an accurate statement of what occurred procedurally. Jackson agreed to the Court's proposal to submit the matter on briefs and to allow the Court to determine, based on those briefs, whether an evidentiary hearing would be necessary.

[5] *In re Jackson*, 665 B.R. 395, 398-400 (B.A.P. 8th Cir. 2024).

[6] ECF No. 1.

[7] ECF No. 1, ¶177.

October 15, 2025, and docketed with a 21-day response date of November 5.[8] The Co-Trustee's Motion to Dismiss joining the Weber Parties' Motion to Dismiss was filed the same day, without a response date. In the meantime, other defendants also filed motions to dismiss, some with no response deadlines. The Court then entered an order specifying that because the various motions to dismiss all raised similar arguments, the response and reply deadlines should be standardized so all could be heard together, for the convenience of all parties and the Court. The Court set 14-day deadlines for Jackson to respond to any motions to dismiss and a 7-day deadline thereafter for the defendants to reply with a hearing date for the pretrial already set on January 7, 2026. With respect to the pending motions to dismiss, including the two motions of the Movants, the Court set Jackson's time to respond as 14 days from the date of the order, or by November 3, 2025.[9] Jackson has, since then, filed three motions to extend her response deadline or to otherwise stay her having to respond to Movants' motions to dismiss.

On October 26, 2025, Jackson filed motion seeking a 30-day extension of time to respond to the Movants' motions to dismiss, or until November 25, 2025.[10] The next day, on October 27, Jackson filed a Motion to Stay Proceedings Pending Disposition for Writ of Mandamus filed against this Judge.[11] Jackson's Motion sought to stay all deadlines in both the adversary and the main case based on her misleading and ludicrous argument that the Court had failed to follow the B.A.P.'s directive to set an evidentiary hearing on the Sanctions Motion in the underlying bankruptcy case. The following day, on October 28, another defendant filed a motion seeking a 60-day extension of time to file a motion to dismiss[12] and Jackson objected.[13] Jackson's objection was that the motion for extension was "frivolous and nothing more than a ploy to cause harassment and delay."

The Court then entered two more text Orders: an order granting Jackson's request for the 30-day extension, or until November 25, to respond to the pending motions to dismiss of these Movants[14] and an order granting Jackson the same period of time to respond to other motions to

---

[8] The Court's local rules do not provide for 21-day notices on motion to dismiss in adversary proceedings. The Court issues its own Notice/Order Setting hearing with a 14-day deadline, so Jackson's time to respond should have been October 29.
[9] ECF No. 50.
[10] ECF Nos. 54, 55.
[11] ECF No. 56.
[12] ECF No. 58.
[13] ECF No. 62.
[14] ECF No. 64.

dismiss filed by other defendants.[15] Both Orders, entered on November 4, 2025, informed Jackson in bold language: **No further requests will be granted absent extraordinary circumstances.** And so as not to delay having the motions to dismiss briefed in time to be heard together at the January 7 pretrial, the Court denied the other defendant's motion for a 60-day extension and granted only a 30-day extension.[16] The Court entered a separate Order denying Jackson's motion to stay all deadlines pending disposition of the writ of mandamus on the grounds she had not shown any of the factors required for a showing of a stay.[17]

On November 25, 2025, Jackson's deadline to respond to the Movants' motions to dismiss, Jackson filed another motion for extension of time, request for a stay, request for disability accommodations and request to transfer to another district (the "Stay Motion").[18] Finding this request for another extension to be frivolous and unwarranted, the Court also denied Jackson's motion the next day.[19] In the ensuing 10 days from when Jackson's deadline to respond to these Movants' motions to dismiss expired, Jackson has not filed any response or sought leave to file a response out of time. Jackson has filed a timely notice of appeal from the Court's Order denying her Stay Motion but has not sought a stay pending appeal. The Motions to Dismiss are therefore ripe to be determined. The Court has an independent duty to determine whether the Movants' motions to dismiss should be granted, regardless of whether there is a timely response.

Returning to the Movants' Motions, the Movants argue that Jackson's claims based on § 303(i) should be dismissed because they are duplicative of the pending claims in the main bankruptcy case, and the state law malicious prosecution and abuse of process claims are pre-empted by § 303(i). Movants also assert that the motion to compel arbitration should be denied as there is no enforceable arbitration agreement as between them and that Jackson has waived any right to arbitration.

### *Legal Standard*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies to adversary complaints pursuant to Fed. R. Bankr. P. 7012. *In re Kelpe*, 98 B.R. 479, 480 (Bank. W.D. Mo 1989). Under Rule 12(b)(6), a claim may be dismissed if it fails "to state a claim upon which relief can be

[15] ECF No. 65.
[16] ECF No. 66. The Court also denied a subsequent motion by the Weber Parties to continue the January 7 pretrial based on the fact one of the lawyers would be on vacation. ECF No. 86.
[17] ECF No. 67.
[18] ECF No. 88.
[19] ECF No. 91.

granted." To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citing Fed. R. Civ. P. 8(a) (requiring complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertion[s] devoid of further factual enhancement" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* (quotation omitted).

In reviewing the complaint, the Court must accept as true all factual allegations and draw all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin*., 589 F.3d 952, 961 (8th Cir. 2009); *Stodghill v. Wellston Sch. Dist*., 512 F.3d 472, 476 (8th Cir. 2008). Because Jackson is proceeding *pro se*, her complaint "must be liberally construed, and *pro se* litigants are held to a lesser pleading standard than other parties[.]" (italics added). *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). This standard, however, does not excuse *pro se* complaints from alleging "sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004); *see Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (*pro se* complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability").

***Analysis***

***Section 303(i) Claims (Counts I, II, and III).***

The Moving Parties first argue that the claims based on section 303(i) should be dismissed because they are duplicative of the claims pending in the main bankruptcy case.

"[T]he rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Kezhaya v. City of Belle Plaine*, *Minnesota,* 78 F.4th 1045, 1050 (8th Cir. 2023). This rule authorizes the dismissal of a duplicative case even while the original case remains pending when the parties are the same and the claims arise from the same set of operative facts. *Id*. (citation omitted). Here, Jackson's § 303(i) claims contained in Counts I, II, and III of the adversary complaint against the Moving Parties are substantially similar to the § 303(i) claims that Jackson first asserted in the main

bankruptcy case, and as supplemented on March 7, 2025.[20] The claims certainly arise from the same set of operative facts. Jackson has not offered any cogent reason, nor can the Court think of one, that her claims in this adversary proceeding against the Movants should be litigated in the adversary instead of the underlying bankruptcy case, where Jackson first lodged her Sanctions Motions against them. The parties are currently in the middle of the discovery period for the Sanctions Motion in the main case, and a final pretrial hearing, at which time the evidentiary hearing will be set, is scheduled for March 25, 2026. To require the Movants to simultaneously litigate in two separate proceedings would subject them to vexatious and duplicative litigation over the same subject matter, and well as waste the time and resources of this Court. Jackson will not be prejudiced by the dismissal of these Counts since she can pursue these Movants pursuant to her Sanctions Motion. Accordingly, Jackson's claims against the Movants based on § 303(i) (Counts I, II, and III) are hereby dismissed.

***Malicious Prosecution and Abuse of Process (Counts IV and V).***

The Movants argue that they are entitled to dismissal of Jackson's claims based on malicious prosecution and abuse of process because § 303(i) is the exclusive remedy for damages for the filing of an allegedly bad faith involuntary petition. This principle was recently reinforced by the Eight Circuit in *Stursberg v Morrison Sund, PLLC*, 112 F.4th 556, 565 (8th Cir. 2023) (section 303(i) preempts specific state law tort claims, and affirming dismissal of case alleging state law claims for abuse of process and wrongful use of civil proceedings). *See also Id*. at 566 (Colloton, C.J., concurring) (state law tort claims are preempted by the Bankruptcy Code); *Koffman v. Osteoimplant Technologies*, 182 B.R. 115, 123-128 (D. Md. 1995) (federal bankruptcy law preempted state law claims for abuse of process and malicious prosecution against creditor who filed involuntary bankruptcy petition that were dismissed). Jackson's claims against the Movants based on abuse of process and malicious prosecution (Counts IV and V) are dismissed.

***Failure to Plead a Claim that is Plausible.***

Although Jackson's 141-page complaint is exceedingly difficult to decipher (another defendant describes it as "an indecipherable mishmash of allegations,"[21] Jackson is also seeking recovery against the Movants for the acts of the other defendants named in the adversary complaint. Jackson concedes that none of the newly named defendants in the adversary, referred

---

[20] Case No. 23-41601, ECF Nos. 63, 123.

[21] ECF No. 79.

to here as non-signatory defendants, were expressly listed as a petitioner in the involuntary petition.[22] Nevertheless, she asserts that these non-signatory defendants "orchestrated, directed, and caused" the filing of the involuntary bankruptcy action against her, and thus qualify as "de facto petitioning creditors."[23] Jackson then asserts that she is entitled "to the entry of a judgment against the Petitioning Creditors . . . jointly and severally, for all damages suffered by Plaintiff" as a result of the involuntary bankruptcy case.[24]

Jackson's theory of joint and several liability for the acts of the non-signatory defendants is legally and factually meritless, even in the light most favorable to her, for several reasons.

First, Jackson's allegation that the Movants acted as "Agents"[25] for the non-signatory (collective) defendants is a legal conclusion unsupported by any facts. *White v CTX Mortgage, LLC,* 2013 WL 5592979, at *2 (W.D. Mo.). Jackson vaguely alleges: "Victor Weber, Merrick Baker, Rachel Gossett, Jordan Beswick & the Alleged Purported Trusts Filed the Involuntary Bankruptcy as Agents for the Collective Defendants."[26] This allegation, however, is a legal conclusion without any factual support. Even assuming there could somehow be an agency relationship between the Movants and the non-signatory defendants, there is no controlling authority that an agency relationship can be the basis for liability under § 303(i). Jackson's theory of liability would require the Court to credit Jackson's postulation that the non-signatory defendants qualify as "de facto petitioning creditors." The rare authorities recognizing a de facto petitioning creditor theory of liability are factually and legally distinguishable.

Jackson relies principally on the Eleventh Circuit's decision in *DVI Receivables XIV, LLC v. Rosenburg (In re Rosenberg)*, 779 F.3d 1254, 1268 (11th Cir. 2015) to support her argument that a "de facto petitioning creditor" can be liable for damages under § 303(i). Jackson argues that the term "petitioner" is broader than "petitioning creditor" and therefore she may recover from people or entities that caused her involuntary petition to be filed. Jackson asserts that under third party or agency liability, the non-signatory defendants caused her involuntary petition to be filed and are the actual petitioners and liable as de facto petitioning creditors.

---

[22] ECF No. 1 ¶ 72.
[23] ECF. No. 1 ¶¶ 1, 3, 5, 75, 132, 133.
[24] ECF No. 1 ¶¶ 155, 156, 160.

[25] The same analysis applies to Jackson's allegation that defendants are liable under the principles of respondeat superior. ECF No. 1 ¶159.
[26] ECF No. 1 ¶70.

Jackson exaggerates the holding of *In re Rosenburg*. In that case, a corporate officer of Company A signed an involuntary petition on behalf of Company B. The Eleventh Circuit held that under these circumstances the bankruptcy court did not clearly err in finding that Company A was the actual petitioning creditor and liable for damages. Contrary to Jackson's argument, the Eleventh Circuit specifically stated that it did not view the case as presenting an issue of third party or agency liability; rather, the narrow question was simply whether Company A was in fact the actual petitioner because the officer of Company A signed the petition.

Unlike the Eleventh Circuit, the Eighth Circuit has never recognized the de facto petitioning creditor theory. The plain language of § 303(i) authorizes the bankruptcy court to grant judgment only "against the petitioners." Much as the Eighth Circuit did in *Stursberg*, this Court in interpreting the language of § 303(i) sees no legal basis to expand the plain language – "the petitioners" – to include other third parties. Congress could have added state law damages claims or made other parties besides the petitioners liable for damages under § 303(i), and it did not do so.

Even if the Eighth Circuit were to recognize a de facto petitioning creditor theory, the unique, factual circumstances considered in *In re Rosenburg* are not present here. There is no allegation that any of the collective defendants signed or for that matter had any role in the filing of the involuntary petition (one of the named defendants died long before the involuntary filing).[27] Those few other courts that recognize the de facto petitioning creditor theory have limited *Rosenburg* to its narrow and specific set of facts, if not outright rejected it. "The plain language of § 303 allows relief only against the actual petitioning parties who signed and filed or joined in the involuntary petition." *In re Visium Techs., Inc.,* 635 B.R. 428, 432 (Bankr. S.D. Fla. 2022) (citing *In re McMillan*, 543 B.R. 808, 815 (Bankr. N.D. Tex. 2016) (following "a long line of cases" concluding that the plain language of § 303 allows relief only against the actual petitioning parties who signed and filed or joined in the involuntary petition)).

In her complaint, Jackson cites *In re Oakley Custom Homes, Inc*., 168 B.R. 232 (Bankr. D. Colo. 1994) as additional support that the collective defendants qualify as de facto petitioning creditors. In *Oakley Custom Homes*, the bankruptcy court concluded that the term "petitioner" as used in § 303(i) might include agents who have an admitted agency relationship and express authority granted by the principal. *Id.* at 235. There are no allegations here, however, remotely

[27] ECF No. 89. The Court has since dismissed that defendant.

approaching any sort of authorization or admitted agency relationship between any of the defendants, other than the lawyer-client relationship between Weber and the Co-Trustees. Furthermore, the Eleventh Circuit questioned the agency or authority argument in *Rosenburg*, and other courts have specifically rejected *Oakley Custom Home*'s reasoning. *See, e.g.*, *In Re McMillan*, 543 B.R. at 815 (*Oakley Custom Homes* has no persuasive value as it is unclear upon what authority the court relied to award relief and whether the agency theory of liability was even contested).

Jackson's allegations of liability for the acts of the non-signatory defendants based on her de facto petitioning creditor theory fail, and there is no plausible claim against the Movants under her theory of joint and several liability. *See Ashcroft v Iqbal*, 556 U.S. at 678 (complaint subject to dismissal where it does not state a claim for relief that is "plausible on its face"). For this additional reason, the motions to dismiss are GRANTED for failure to state a claim under Rule 12(b)(6).

***Motion to Compel Arbitration*.**

Jackson's motion to compel arbitration is also denied.

First, Jackson has failed to allege that Movants are parties to any arbitration contract with her. The written contract Jackson relies on as the basis to compel arbitration is attached as Exhibit 1 to her complaint. The contract is a purchase agreement for Jackson's and a third party's purchase of a 2015 Porsche Cayenne from a car dealer, Defendant Aristocrat Motor Co., Inc. Her purchase of the car was apparently financed by Defendant Santander. The contract, which does include an arbitration clause, is dated December 4, 2018, years before the involuntary petition was filed. None of the Movants' names appear anywhere in the contract, nor have they signed it or are alleged to have had any role or connection to it or to the car purchase.[28]

Simply put, "[a] party may not be compelled to arbitrate a dispute unless it has agreed to do so[.]" *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008). Moreover, Jackson's complaint has no allegations anywhere in her 141-page complaint suggesting any sort of relationship which might compel non-signatories such as the Moving Parties to arbitrate. *See CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798-99 (8th Cir. 2005). Finally, even if an enforceable arbitration agreement somehow existed, it is beyond any doubt that Jackson has voluntarily waived

[28] Jackson is litigating with Aristocrat and Santander in state court, and the state court has denied her motion to compel arbitration there.

any right to compel arbitration given her substantial and continuous litigation of the same claims against the Movants in this Court and on appeal to the B.A.P. without ever previously invoking a right to arbitration; in fact she earlier demanded a right to jury trial against Movants on the Sanctions Motion. *See In Re Pawn Am. Consumer Data Breach Litig*, 108 F.4th 610, 614 (8th Cir. 2024) (A party acts inconsistently with the right to arbitrate where it substantially invokes the litigation machinery). Jackson's motion to compel arbitration is DENIED.

***Amendment of Complaint.***

Because the Court has determined as a matter of law that Jackson's claims against the Movants are duplicative of those pending in the main bankruptcy case and preempted by § 303(i), the complaint against the Movants is dismissed with prejudice since any amendment to the complaint would be futile. Put another way, there are no factual allegations Jackson could allege against the Movants that would overcome these legal barriers to relief in the adversary proceeding. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 783 (8th Cir. 2009). *Mt. Hawley Ins. Co. v. City of Richmond Heights, Missouri*, 92 F.4th 763, 769 (8th Cir. 2024) (amendment is futile if the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)).

Accordingly, the motions to dismiss filed by Movants (Weber, MBS, and the Co-Trustees) are hereby GRANTED. All claims asserted in the adversary proceeding against these defendants are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: December 5, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER GRANTING EQUIFAX INC'S MOTION TO DISMISS [ECF No. 79] WITH PREJUDICE**

Pending before the Court is the motion of Defendant Equifax, Inc. ("Movant") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED.

***Introduction***

The ***Introduction*** as set forth in the "Order Granting Defendant Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss [ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2] is incorporated herein by reference. Additional procedural context about the underlying involuntary bankruptcy case (also sometimes referred to as the "main case") and the adversary complaint as set forth in this Court's many previous orders is also incorporated by reference.[3] Additional background specific to Movant is set forth below.

---

[1] ECF No. 27.
[2] ECF No. 104.
[3] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104; and Court Orders/Notices issued in the underlying

Movant filed its Motion to Dismiss on November 14, 2025. The Court's Order and Notice Setting Hearing established a response deadline for Jackson of December 2, 2025, and set the matter for hearing at the pretrial, scheduled for January 7, 2026. Unfortunately, the Order and Notice setting hearing for the pretrial erroneously populated the Zoom audio call information with the number for this Court's colleague, the Hon. Judge Brian T. Fenimore.[4] No party called this error to the Court's attention. Judge Fenimore has a conflict with this case since he was involved in a mediation with Jackson in a case in the District of Kansas, so he promptly recused when the involuntary bankruptcy petition was filed.[5]

The inadvertent error in the call-in information came to the Court's attention when Movant filed its own notice of hearing as part of its certificate of service, replicating the Court's inadvertent error.[6] The error has now been corrected.[7] The deadline of December 2, 2025, for Jackson to respond to Movant's Motion has now expired, and Jackson has not responded. And, as detailed in the ***Introduction*** in the Weber Order, the Court denied Jackson's motions to stay all deadlines, so the matter is ripe for determination.

Movant, who alleges Jackson has incorrectly identified it as "Equifax, Inc.," rather than as "Equifax Information Services, LLC," filed this motion to dismiss Jackson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint should be dismissed because it fails to comply with pleading requirements and fails to state a cause of action. Fed. R. Civ. P. 12(b)(6). (The distinction between the two Equifax legal entities will be discussed below).

---

bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.

[4] ECF No. 82.

[5] ECF No. 4 (Case No. 23-41601).

[6] ECF No. 102. The Court has previously notified the parties that under this Court's local rules and procedure, the Court establishes the deadlines and sets the hearings.

[7] ECF No. 103.

Movant also argues that Jackson's motion to compel arbitration fails as there is no arbitration agreement between the parties. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Weber Order.

***Analysis***

Movant first argues that the complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). Equifax argues dismissal is appropriate because the complaint: (1) does not comply with the pleading requirements of Rule 8; and (2) fails to state a cause of action because Movant is not a petitioning creditor subject to § 303(i).

***Pleading Deficiencies***

A review of the complaint confirms that Jackson has failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Rule 8 requires that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even giving Jackson's complaint the benefit of liberal review, as required, the allegations are conclusory and do not give fair notice of the claims asserted against Movant.

As an example, Jackson alleges that defendants "orchestrated, directed, and caused the filing of the involuntary bankruptcy Petition," but she fails to allege any facts explaining Movant's role in the filing of the involuntary bankruptcy petition.[8] With respect to Movant, Jackson alleges only that Movant is "one of the three major credit reporting agencies in the United States" and that after Jackson notified Movant of the facts herein, Movant "continue[d] to place the fraudulent loan and or alleged line of credit on Plaintiff's credit report."[9] Jackson's allegations, however, do not describe how the alleged fraudulent loan impacted the involuntary petition, nor do they connect

---

[8] ECF No. 1 ¶ 5.
[9] ECF No. 1 ¶¶ 14, 108.

Movant in any way to the filing of the involuntary bankruptcy petition; the only debt not in bona fide dispute under § 303(b) in connection with the involuntary petition was the valid and final judgment held by the Petitioning Creditor.[10] Jackson never raised the issue of an alleged fraudulent loan and the reporting of it in the main case or particularly in her Sanctions Motion against the Weber Parties in the main case.

Other allegations in Jackson's complaint refer to defendants collectively, fail to specify any individualized conduct of Movant, and omit any allegations connecting Movants and the other defendants. Indeed, the complaint here is comparable to the complaint found deficient in *White v CTX Mortgage LLC,* No. 13–0335–CV–W–DGK.*,* 2013 WL 5592979, at *2 (WD. Mo. Oct. 10, 2013). Like the plaintiff in that case, Jackson "has substituted legal conclusions for facts" and neglected to allege any specific facts connecting Movant to her description of the wide-ranging conspiracy allegedly resulting in the filing of the bankruptcy petition, for example: "Defendants in conspiracy with the alleged creditors, multiple attorneys and law firms, banks and lenders . . .".[11] These broad and general allegations fail to put the various defendants, including Movant, on notice of the allegations against them or provide enough facts to make the claims plausible. *See Miller v. City of St. Louis*, No. 4:23-cv-00307-SEP, 2024 WL 1366797, at *3 (E.D. Mo. Mar. 31, 2024) ("Plaintiff's failure to differentiate which acts were committed by which Defendant contributes to the overly general and conclusory nature of the allegations.").

For these reasons, the Rule 8 pleading deficiencies in Jackson's complaint against Movant render the complaint subject to dismissal for failure to state a claim, as discussed next.

[10] While the involuntary petition was pending, Jackson consistently denied that she was not paying her debts as they came due or that she had any other debt. The Court also denied the attempt of another creditor to join the involuntary petition, finding that that creditor's debt was in bona fide dispute. ECF No. 72 (Case No. 23-41601).
[11] *See, e.g.*, ECF No. 1 ¶ 74.

***Failure to State a Claim under Rule 12(b)(6)***.

Beyond the pleading deficiencies outlined above, Jackson's claims are subject to dismissal for failure to state a claim under Rule 12(b)(6).

Jackson acknowledges that recovery for damages under § 303(i) is only available to a petitioning creditor.[12] Although Jackson concedes that Movant did not sign the involuntary petition, she argues that her recovery is nevertheless authorized because Movant qualifies as a "de facto petitioning creditor."[13] For support, she cites *DVI Receivables XIV, LLC v. Rosenburg (In re Rosenberg*), 779 F.3d 1254, 1268 (11th Cir. 2015) and *In re Oakley Custom Homes*, 168 B.R. 232 (Bankr. D. Colo. 1994).[14]

The Court incorporates herein its discussion in the Weber Order of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case.

For these reasons, Jackson's complaint states no plausible claims against Movant and Movant is entitled to dismissal of all claims for failure to state a claim upon which relief can be granted.

***Claims Under the FCRA***

To the extent Jackson might be alleging a violation of the Fair Credit Reporting Act ("FCRA"), that claim is also subject to dismissal for failure to state a claim. To assert a claim

[12]Section 303(b) of the Bankruptcy Code provides that an involuntary case against a person is commenced by "the filing with the bankruptcy court of a petition" under Chapter 7 or 11 of the Bankruptcy Code. A party files an involuntary petition by—in relevant part—signing the involuntary petition under penalty of perjury and, if represented, having counsel sign the petition. Fed. R. Bank. P. 1002.
[13] Jackson's malicious prosecution and abuse of process claims are also premised on the de facto petitioning creditor theory. ECF No. 1 ¶¶ 163, 172.
[14] Jackson also makes a vague allegation that "Victor Weber, Merrick Baker, Rachel Gossett, Jordan Beswick & the Alleged Purported Trusts Filed the Involuntary Bankruptcy as Agents for the Collective Defendants." [ECF No. 1 ¶ 71]. However, the Complaint contains no allegations supporting an agency relationship. Even if there were allegations of an agency relationship, Jackson has not directed the Court to any persuasive authority that an agency relationship can be the basis for finding liability under § 303(i) as a de facto petitioning creditor.

under FCRA, the defendant must be a "consumer reporting agency" that prepared a "consumer report" concerning the plaintiff. 15 U.S.C. § 1681a(f).

Jackson alleges that Movant is "one of the three major credit reporting agencies in the United States" and reported a "fraudulent loan and or alleged line of credit on Plaintiff's credit report."[15] Movant, however, is not a consumer reporting agency, and Jackson appears to have mistakenly sued "Equifax Inc.," instead of "Equifax Information Services LLC," which is a consumer reporting agency.[16] Accordingly, to the extent that Jackson is seeking recovery under the FCRA against the name defendant "Equifax, Inc.," her claim fails as a matter of law.

***Motion to Compel Arbitration***

Finally, Movant argues that Jackson's motion to compel arbitration should be denied because there are no allegations that Movant is a party to the purported arbitration agreement. The Court incorporates the ***Motion to Compel Arbitration*** section of the Weber Order. Jackson fails to allege the existence of any arbitration agreement between her and Movant. Moreover, there are no allegations suggesting a relationship between Movant and Santander, the signatory to the alleged arbitration agreement, which might permit a non-signatory to invoke arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798-99 (8th Cir. 2005). Even if somehow an enforceable arbitration agreement existed, it is beyond any doubt that Jackson has voluntarily waived any right to compel

[15] ECF No. 1 ¶¶ 14, 108.

[16] Equifax Inc. is not a consumer reporting agency, and Equifax Inc. has been consistently dismissed in FCRA lawsuits filed by consumers for this reason. Federal courts have held that, based on the plain language of the FCRA, plaintiffs cannot maintain FCRA claims against Equifax Inc., and that Equifax Inc. may not be held liable under the FCRA for actions taken by Equifax Information Services, LLC. *See e.g.*, *Greear v. Equifax, Inc.*, No. 13–11896, 2014 WL 1378777, at *1 (E.D. Mich. April 8, 2014) ("Defendant Equifax Inc., is not a consumer reporting agency subject to the requirements of the FCRA."); *Channing v. Equifax, Inc.*, No. 5:11–CV–293–FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (plaintiff sued the wrong party as Equifax Inc. is not a Consumer Reporting Agency); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005) (Equifax Inc. was not a "consumer reporting agency"); *McDonald v. Equifax Inc.*, No. 3:15-cv-3212-B, 2017 WL 879224, at *9 (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.); *Ransom v. Equifax Inc.*, No. 09–80280–CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because it is not a consumer reporting agency and has not prepared a consumer report for plaintiff).

arbitration, given her substantial and continuous litigation of the same claims in this Court. *In Re Pawn Am. Consumer Data Breach Litig*, 108 F.4th 610, 614 (8th Cir. 2024) (A party acts inconsistently with the right to arbitrate where it substantially invokes the litigation machinery).

Jackson's motion to compel arbitration as against Movant is DENIED.

***Amendment of Complaint***

Movant urges that the complaint be dismissed with prejudice as any amendment to the complaint would be futile and unduly prejudicial. The Court incorporates herein the ***Amendment of Complaint*** section in the Weber Order.

Because the Court has determined as a matter of law that Jackson's claims against the Movant legally and factually fail as set forth above, the complaint against the Movant is dismissed with prejudice since any amendment to the complaint would be futile. Put another way, there are no factual allegations Jackson could allege against the Movant that would overcome these legal barriers to relief in the adversary proceeding. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 783 (8th Cir. 2009). *Mt. Hawley Ins. Co. v. City of Richmond Heights, Missouri*, 92 F.4th 763, 769 (8th Cir. 2024) (amendment is futile if the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)). Any amendment to the complaint would be unduly prejudicial to Movant since there is no viable theory of recovery. *See Corbett v. Bank of Am. N.A.*, 578 Fed Appx 607, 608 (8th Cir. 2014).

This Court can anticipate that Jackson will argue that she should be allowed to take discovery regarding the correct Equifax defendant and so is prejudiced by dismissal without the leave to amend. Given the number of defendants in this case, and in anticipation of receiving numerous Rule 12(b)(6) motions, including challenges to the sufficiency of service, the Court's

pretrial order stayed discovery pending further Court Order.[17] There is no doubt, however, that even if Jackson undertook discovery regarding the Equifax entities and which one is the consumer reporting agency subject to FCRA, any such discovery would not change the outcome here.

As stated earlier, in ruling on this motion to dismiss, the Court accepted all factual allegations contained in the adversary complaint as true under the *Iqbal/Twombly* standards. Rule 12(b)(6) motions typically do not require discovery unless converted to a Rule 56 motion for summary judgment. *Yellow Brick Road, LLC v. Koster*, No. 13-cv-2266 (JRT/LIB), 2014 WL 12932224 (D. Minn. Feb. 25, 2014). Movant's motion to dismiss does not refer to matters outside the pleadings and is therefore not subject to Rule 56.

It is also true that Jackson could theoretically seek leave to amend to substitute "Equifax Information Services LLC" for the named defendant "Equifax, Inc.," and that leave to amend should be freely given when justice requires. *See* Fed. R. Civ. P. 15(a)(2) as made applicable by Fed. R. Bankr. P. 7015. But Jackson has not sought leave to amend her complaint following the filing of any of the pending motions to dismiss in this case, many of which have been on file for almost two months. The bottom line is that the Court sees no legal or factual scenario under which either discovery or an amendment could somehow save her alleged claims against either Equifax entity.

Again, given that, in the light most favorable to Jackson, neither the consumer reporting agency, Equifax Information Services LLC, nor the entity Equifax Inc. have been alleged to have had any role or connection with the filing of Jackson's involuntary petition, any such amendment

[17] ECF No. 2, ¶ 4. The Pretrial Order also allows parties who wish for discovery procedures to be imposed the ability to file a motion. Neither Jackson nor any other party has filed such a motion. As an aside, the Court notes that at least seven motions to dismiss have been filed thus far, some raising sufficiency of the service in addition to other issues similar to those raised by Movant and those addressed in the Weber Order; many of the other defendants who have not answered or filed a motion to dismiss in lieu of an answer appear not to have been properly served.

or substitution of party would still be futile and the Court would undoubtedly deny any such motion for leave to amend.

Accordingly, the motion to dismiss filed by Movant is hereby GRANTED. All claims asserted in the adversary proceeding against Defendant Equifax, Inc. are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: December 8, 2025

_/s/ Cynthia A. Norton________________________
U.S. Chief Bankruptcy Judge Cynthia A. Norton

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **IN RE:**<br>**Chapter Kris Jackson,**<br>**Alleged Debtor.** | **Case No. 23-41601-can-7**<br>**Involuntary Chapter 7** |
| **Chapter Kris Jackson**<br><br>**Plaintiff,**<br><br>**v. Eric Johnson, et al.,**<br><br>**Defendants.** | **Adv. No. 25-4023-can** |

**ORDER GRANTING CASE LINDEN P.C., CASE LINDEN KURTZ BUCK P.C., PATRIC SHANE LINDEN, TREVOR M. BOND, JAMIE L. WELCH, AND KEVIN D. CASE'S MOTION TO DISMISS [ECF No. 29] WITH PREJUDICE.**

Pending before the Court is the motion of Defendants Case Linden P.C., Case Linden Kurtz Buck P.C., Patric Shane Linden, Trevor M. Bond, Jamie L. Welch, and Kevin D. Case (collectively, "Movants") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED.

***Introduction***

The ***Introduction*** as set forth in the "Order Granting Defendant Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss [ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2] and Order Granting Motion to Dismiss of Defendant Equifax [ECF No.79] (the Equifax Order)[3] is incorporated herein by reference. Additional procedural context about the underlying involuntary

[1] ECF No. 27.
[2] ECF No. 104.
[3] ECF No. 105.

bankruptcy case and the adversary complaint as set forth in this Court's many previous orders is also incorporated by reference.[4] Additional background specific to Movants is set forth below.

Movants filed their Motion to Dismiss on October 15, 2025.[5] Jackson sought an extension of time to respond and was granted an extension until November 25, 2025.[6] The Court's Order and Notice Setting Hearing set the matter for hearing at the pretrial, scheduled for January 7, 2026. The deadline of November 25, 2025, for Jackson to respond to Movants' Motion has now expired, and Jackson has not responded. And, as detailed in the ***Introduction*** in the Weber and Equifax Orders, the Court denied Jackson's motions to stay all deadlines, so the matter is ripe for determination.

As further procedural background, there is one other matter to note regarding two of the defendants who are part of the collective movants on Movants' motion to dismiss: defendant Trevor Bond and his former law firm, Case Linden.

In the main case, Jackson filed a motion to compel discovery against the Weber Parties on July 1, 2025, in connection with her Sanctions Motion.[7] In preparation for the hearing on that motion, the Court for the first time saw that the names of Bond and Case Linden were disclosed as potential witnesses. At the first available opportunity, which was the hearing scheduled on Jackson's discovery motion on July 16, 2025,[8] the Court disclosed to the parties that Bond had clerked for the Court from August 2015 to August 2017 and had otherwise been prevented from

---

[4] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104, 105; and Court Orders/Notices issued in the underlying bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.
[5] ECF No. 29.
[6] ECF No. 64.
[7] ECF No. 155 (23-41601).
[8] ECF No. 162 (23-41601).

appearing before the Court or working on any matters for a year after he ceased clerking under L.R. 2090-1, but that that connection alone did not constitute grounds for disqualification or recusal under 28 U.S.C. § 455 and applicable authorities. The Court asked all participants, including Jackson, if they had any questions, and none did.[9]

Several weeks later, the Court's other law clerk advised the Court of the intention to interview with the Case Linden law firm. The Court likewise promptly screened that clerk off of Jackson's case and informed the parties at the first available opportunity at a hearing in the main case on October 8, 2025.[10] Shortly thereafter, Jackson filed motions to disqualify and recuse this Judge for these alleged conflicts (in addition to other alleged grounds) in both the main case and adversary proceeding; the Court denied the motions and Jackson attempted to appeal, and has sought other relief such as a writ of mandamus, raising the alleged inability of this Court to rule this motion to dismiss based on these alleged conflicts of interest and alleged appearance of impropriety. But given that there is no stay pending any of Jackson's appeals or other higher Court directive to this Court, the Court likewise believes there is no reason or other impediment preventing it from ruling.

Turning back to the merits: Movants filed this motion to dismiss Jackson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6). First, Movants argue that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the issues in the proceeding. Second, Movants argue that the complaint should be dismissed under Rule 12(b)(6) because the complaint fails to state a

[9] The Court also disclosed that a current law clerk had been interviewing with another potential witness, attorney Patricia Hamilton and her law firm of Stevens Brand, and that the Court had immediately screened that clerk off Jackson's case.
[10] ECF No. 183 ((23-41601).

claim upon which relief can be granted. Third, Movants contend that the complaint should be dismissed for insufficient service of process. Finally, Movants argue that Jackson's motion to compel arbitration fails as there is no arbitration agreement between the parties. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Weber and Equifax Orders.

***Analysis***

***Subject Matter Jurisdiction***

Movant first argues that the complaint must be dismissed for lack of subject matter jurisdiction over the issues in the adversary proceeding. Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012, permits a party to assert lack of subject matter jurisdiction as a defense through a motion to dismiss. Fed. R. Civ. P. 12(b)(1).

Greatly summarized, Movants' subject matter jurisdiction arguments go something like this:

- Jackson fails "to cite any statute supporting her contention regarding jurisdiction;"
- In bankruptcy courts, proceedings are either "core" or "non-core;"
- That the debtor or a trustee must generally be a party to the proceeding for the matter to be "core";
- There is no debtor or trustee here since Jackson was dismissed from the case so the complaint cannot be a core proceeding;
- Jackson otherwise states no "core" claims against Movants;
- Non-core, related to claims must have some impact on the administration of the bankruptcy estate;
- Jackson's claim cannot be "non-core" and "related to" the bankruptcy case because she is not a debtor and there is no bankruptcy estate upon which there can be an impact; so
- This Court therefore has no subject matter jurisdiction over Jackson's complaint since she has no core or non-core, "related to" claims against Movants.

Leaving aside that Jackson's complaint did invoke the proper statutes – 28 U.S.C. §§ 157(a), 1334(b) and 11 U.S.C. §§ 105(a) and 303(i),[11] – Movants are conflating this Court's subject

[11] ECF No. 1, opening paragraph (unnumbered), ¶ 53.

matter jurisdiction with this Court's authority to hear, determine, and enter a final judgment on the complaint and related proceedings filed before it.

Much has been written about the difference between a bankruptcy court's jurisdiction and its authority, and the Court need not spill more ink than it already has on these issues, particularly in this case.[12] Suffice it to say, even were this Court's subject matter jurisdiction formerly in doubt – and it was not – any doubts about whether this Court has subject matter jurisdiction over Jackson's complaint against these defendants has been conclusively established by the Eighth Circuit's relatively recent case, *Stursberg v. Morrison Sund, PLLC*, 112 F.4th 556 (8th Cir. 2023).

In *Stursberg*, the Eighth Circuit held that § 303(i) of the Bankruptcy Code preempts state law tort claims asserted by a former involuntary debtor after the bankruptcy court abstains and/or dismisses the involuntary bankruptcy petition. Section 303(i) "arises under" the Bankruptcy Code so is obviously one over which the bankruptcy court has subject matter jurisdiction under 28 U.S.C. § 1334(b) (establishing jurisdiction of proceedings "arising under" title 11, in addition to proceedings "arising in" or "related to" a bankruptcy proceeding).

As a proceeding over which this Court has subject matter jurisdiction under the plain language of 28 U.S.C. § 1334(b), the Court then turns to whether the matter is "core" – such that it may "hear and determine" and "enter appropriate orders and judgments" under 28 U.S.C. §

[12] *See, e.g., In re James*, No. 17-41965 (Adv. No. 18-4168, et al.), 2018 WL 6728395, at *8 (Bankr. W.D. Mo. Nov. 29, 2018). *Compare In re Smith*, 673 B.R. 1, 11 (B.A.P 8th Cir. 2025) (discussing bankruptcy court jurisdiction and authority over personal injury tort claims) (Norton, J.). *See also Stern v. Marshall*, 131 S. Ct. 2594 (2011) (claims may be statutorily core but unconstitutionally so, such that the bankruptcy court lacks constitutional authority to enter a final judgment); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) (bankruptcy court had authority to submit proposed findings of fact and conclusions of law for *de novo* review of the so-called *Stern* claims); *Wellness Int'l Network, Ltd. v. Shariff*, 135 S. Ct. 1932 (2015) (Article III of the U.S. Constitution permits bankruptcy courts to adjudicate and enter final judgment on *Stern* claims with the parties' knowing and voluntary consent; consent need not be express but may be implied based on actions and words).

157(b)(1). *Stursberg* addressed this, too; like this case, after the bankruptcy court abstained and dismissed the involuntary case, the debtor brought a separate action for damages.

The Eighth Circuit in *Stursberg* pointed out that, although an involuntary petition is commenced by creditors and not the debtor (with no trustee appointed or an estate created if the case is dismissed), an involuntary petition is itself a core proceeding, such that "the bankruptcy court has jurisdiction to order the petitioning creditor to pay the involuntary debtor's costs and attorney's fees under § 303(i)(1)."[13] What is not clear, said the Eighth Circuit, is whether the bankruptcy court, as a non-Article III court, "has the power 'to adjudicate, render final judgment, and issue binding orders' in a *§ 303(i)(2)* damages action by the debtor based on traditional tort theories (emphasis added)."[14] But just because a bankruptcy court may lack authority to hear, determine, and enter a final judgment on a non-core, related to proceeding – such as potentially the § 303(i)(2) damages claim here – does not mean the bankruptcy court is deprived of jurisdiction; rather, as correctly explained in *Stursberg*, any non-core, related to proceedings over which the bankruptcy court has no authority to enter final orders would simply be subject to entry of final orders by the district court.[15]

The Eighth Circuit said it need not address that potential issue in *Stursberg*.[16] Nor does this Court need reach it here. If all or part of Jackson's complaint survives the many pending motions to dismiss, the Court will then determine as to any surviving claims whether they are § 303(i)(1)

---

[13] *Stursberg*, 112 F. 4th at 564, fn 3.

[14] *Id.*, citing *Stern v. Marshall*, 564 U.S. at 494. The Eighth Circuit also carefully distinguished state law claims – which are preempted under § 303(i) – from a court's ability to look to general state law principles for guidance in determining whether the actions of a petitioning creditor (or creditors) in filing the involuntary petition were in bad faith. Nothing in *Stursberg*, by contrast, endorsed a de facto petitioning creditor theory.

[15] *Stursberg* notes that even if an issue regarding the bankruptcy court's authority arises, federal law gives the district court practical authority to resolve any bankruptcy court authority uncertainty by *de novo* review and final judgment of the bankruptcy court's § 303(i)(2) order, as it does with matters "related to" the bankruptcy proceeding, by withdrawing part of the referred case. *Id.*

[16] *Id.*

"core" claims or potentially "non-core" claims; if "non-core" and "related to" (which they surely must be if the Bankruptcy Code preempts all other state law remedies), the Court will also determine whether it nonetheless has the authority to hear, determine, and enter final orders on those surviving claims.[17]

Given that this Court certainly has subject matter jurisdiction, it has the jurisdiction to rule the Movants' motion to dismiss. In an abundance of caution, and to the extent Movants have not in their motions to dismiss consented – and it is not clear – to this Court's authority to enter a final order granting their motion to dismiss, nothing in this Order should be construed as depriving Movants of the ability to file a prompt motion to withdraw the reference requesting that a District Court judge grant *de novo* review and enter any final order.[18]

***Failure to State a Claim Upon Which Relief Can Be Granted***

For the same reasons as discussed in the Weber and Equifax Orders, dismissal is appropriate under Rule 12(b)(6) because of pleading deficiencies and failure to state a claim upon which relief can be granted. As described in these Orders, Jackson failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008, because the allegations are conclusory and do not give fair notice of the claims asserted against Movants. Furthermore, the claims asserted under Counts I, II, III, IV, and V fail as a matter of law because

[17] As noted earlier, the Supreme Court has also made it clear that parties may consent, expressly or impliedly, to the bankruptcy court's authority to hear and determine a non-core, related to proceeding. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

[18] Jackson has certainly waived, if not outright consented, to her right to contest this Court's authority, given that she filed a Sanctions Motion with this Court, appealed the Court's Order denying her a hearing on her Sanctions Motion, invoked this Court's jurisdiction by filing the adversary complaint, and has never contested this Court's authority to hear and determine the Sanctions Motion and to enter a final judgment, except in her belated motions to recuse and for transfer to another district. Although Jackson requested a jury trial in her complaint [ECF No. 1, ¶ 60], merely because a party has jury triable rights does not necessarily deprive the bankruptcy court of either subject matter jurisdiction or the ability to hear, determine, and enter final orders in a jury-tried case. Fed. R. Bankr. P. 9015. To the extent Movants do not consent to this Court's authority to enter a final order, this Order shall be treated as a proposed order subject to *de novo* review by the District Court. *See* Fed. R. Bankr. P. 9033.

these claims all require a finding that the Movants qualify as "de facto petitioning creditors." The Court incorporates herein its discussion in the Weber and Equifax Orders of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case.

For these reasons, Jackson's complaint states no plausible claims against Movants and Movants are entitled to dismissal of all claims for failure to state a claim upon which relief can be granted.

***Service of Process***

The Movants argue that the Complaint should also be dismissed for insufficient service of process. A motion to dismiss for insufficient service of process under Rule 12(b)(5) is applicable in bankruptcy cases through Bankruptcy Rule 7012(b). When service is challenged, a plaintiff has the burden of proof to show proper service by a preponderance of the evidence. *Garcia v. Cantu,* 363 B.R. 503, 510 (Bankr. W.D. Tex. 2006).

Service of a summons and adversary complaint is governed by Fed. R. Civ. P. 4, as incorporated by Fed. R. Bankr. P. 7004. Rule 7004(b)(1) provides that service on an individual is accomplished by mailing a copy to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession. Rule 7004(b)(3), as applicable here, governing service upon domestic or foreign corporations, requires that the summons and complaint be mailed "to an officer, a managing or personal agent, or an agent authorized by law appointment or law to receive service." *See* Rule 7004(b)(3)(A).

The Movants contend that service was defective because Jackson, or her representative, attempted to personally serve Movants at their respective office locations, but failed to deliver the summons and complaint, either to the individuals themselves or to the correct officers or agents

for effectuating service on a corporate entity. Specifically, Movants state that Jackson's process service attempted to personally serve a receptionist and administrative coordinator at the respective law firms, not the individual attorneys themselves or the office, managing, or general agent or any agent authorized to accept service. Movants also attach a copy of the complaint served with the summons, which they characterize as "entirely illegible." For support, they attach affidavits supporting their factual claims as to service.[19]

Jackson has not responded to the Movants' arguments and factual evidence, despite having had almost two months to do so, and has not requested an alias summons to effectuate proper service. More importantly, the Court's review of Jackson's filing of the executed returns of service shows that on their face, all service on the Movants was defective under Rule 7004. Jackson did not serve an officer, managing agent, or registered agent of the two defendant domestic corporations; the Case Linden service was made by personal delivery to "Debra Alexandria" and the Case Linden Kurtz Buck service by personal delivery at the same address to "Monique Black," neither of whom, according to Movants, are officers, managing agents, or registered agents of the law firms. Service to the individual defendants was likewise not made to them personally at their home or business; a "Monique Jackson" was personally delivered service for the individual defendants Jamie Welch, Patrick Linden, and Kevin Case at their business addresses; "Brenda Jones" was personally delivered service for the individual defendant Trevor Bond, likewise at an apparent business address.[20]

[19] ECF No 29, Exhibits 2, 3, 4.
[20] ECF No. 7, pp. 10–15.

In sum, Jackson has failed to meet her burden of showing proper service on Movants by a preponderance of evidence. Jackson's complaint is therefore further subject to dismissal for failure to comply with the service requirements of Rule 7004.[21]

***Motion to Compel Arbitration***

Finally, Movants argue that Jackson's motion to compel arbitration should be denied because Jackson has pointed to no arbitration provision that would apply to this proceeding. The Court incorporates the ***Motion to Compel Arbitration*** section of the Weber and Equifax Orders.

As discussed in the Weber and Equifax Orders, Jackson fails to allege the existence of any arbitration agreement between her and Movants or to suggest any relationship between Movants and Santander, the signatory to the alleged arbitration agreement, which might permit a non-signatory to invoke arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798-99 (8th Cir. 2005). And as the Court recognized, even if somehow an enforceable arbitration agreement somehow existed, it is beyond any doubt that Jackson has voluntarily waived any right to compel arbitration, given her substantial and continuous litigation of the same claims in this Court. *In Re Pawn Am. Consumer Data Breach Litig*, 108 F.4th 610, 614 (8th Cir. 2024) (A party acts inconsistently with the right to arbitrate where it substantially invokes the litigation machinery).

Jackson's motion to compel arbitration as against Movants is DENIED.

---

[21] Dismissal for insufficiency of service of process is generally without prejudice pursuant to Rule 4(m). The Court also notes that, notwithstanding that Movants raised the service deficiency issues promptly and almost two months ago, Jackson has failed to take any steps to properly serve Movants, the deficiency of service being apparent on its fact from the returns of execution, and that the 90 days to properly serve Movants under Rule 4(m) have now expired. Given that the Court's dismissal with prejudice stems from the failure to state a claim based on the futility of amendment, and not on the insufficiency of process, the Court need not give Jackson an opportunity to show good cause for her failure to serve within 90 days under Rule 4.

***Amendment of Complaint***

Although Movants do not address whether Jackson's complaint should be dismissed with or without prejudice, the Court incorporates herein the ***Amendment of Complaint*** section in the Weber and Equifax Orders and concludes that the dismissal should be with prejudice as any possible amendment would be futile and could not withstand a motion to dismiss.

Accordingly, the motion to dismiss filed by Movants is hereby GRANTED. All claims asserted in the adversary proceeding against Defendants Case Linden P.C., Case Linden Kurtz Buck P.C., Patric Shane Linden, Trevor M. Bond, Jamie L. Welch, and Kevin D. Case are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: December 9, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER GRANTING MOTION TO DISMISS [ECF NO. 31] OF BRENDA SCHWAB, AS TRUSTEE OF THE ESTATE OF HORST SCHWAB WITH PREJUDICE**

Pending before the Court is the motion of Defendant Brenda Schwab, as Trustee of the Estate of Horst Schwab ("Movant"), to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED.

***Introduction***

The ***Introduction*** as set forth in the "Order Granting Defendant Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss [ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2] and Order Granting Motion to Dismiss of Defendant Equifax Inc., [ECF No. 79] (the Equifax Order)[3] and Order Granting Motion to Dismiss of Defendants Case Linden P.C., Case Linden Kurtz Buck P.C., Patric Shane Linden, Trevor M. Bond, Jamie L. Welch, and Kevin D. Case [ECF No.29] (Case Linden Order)[4] is incorporated herein by reference. Additional procedural context about the

[1] ECF No. 31.
[2] ECF No. 104.
[3] ECF No. 105.
[4] ECF No. 109.

underlying involuntary bankruptcy case (also sometimes referred to as the “main case”) and the adversary complaint as set forth in this Court’s many previous orders is also incorporated by reference.[5] Additional background specific to Movant is set forth below.

Movant filed its Motion to Dismiss on October 15, 2025.[6] Jackson sought an extension of time to respond and was granted an extension until November 25, 2025.[7] The Court’s Order and Notice Setting Hearing set the matter for hearing at the pretrial scheduled for January 7, 2026. The deadline of November 25, 2025, for Jackson to respond to Movant’s Motion has now expired, and Jackson has not responded. And, as detailed in the ***Introduction*** in the Weber, Equifax, and Case Linden Orders, the Court denied Jackson’s motions to stay all deadlines, so the matter is ripe for determination.

Movant filed this motion to dismiss Jackson’s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint should be dismissed because it fails to comply with pleading requirements and fails to state a cause of action. Fed. R. Civ. P. 12(b)(6). Movant also argues that Jackson’s motion to compel arbitration fails as there is no arbitration agreement between the parties. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Weber, Equifax, and Case Linden Orders.

***Analysis***

Movant first argues that the complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). Movant argues dismissal is appropriate because the complaint: (1) does not comply with the pleading requirements of Rule 8; and (2) fails

[5] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104, 105, 109 and Court Orders/Notices issued in the underlying bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.
[6] ECF No. 31.
[7] ECF No. 64.

to state a cause of action because Movant is not a petitioning creditor subject to § 303(i) and there is no liability under Kansas law for the purported debts of a dissolved corporation.

***Pleading Deficiencies***

A review of the complaint confirms that Jackson has failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Rule 8 requires that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even giving Jackson's complaint the benefit of liberal review, as required, the allegations are conclusory and do not give fair notice of the claims asserted against Movant.

The specific allegations against Brenda and Horst Schwab are sparse. Jackson alleges that Defendant Horst Schwab, who is deceased, is a "former officer/owner/shareholder of Aristocrat Motor Co. Inc. a former Missouri corporation, and a former Kansas corporation and ARMOCO, Inc., a former dissolved corporation."[8] Jackson also named as a Defendant Movant Brenda Schwab, Horst Schwab's widow, as "agent and trustee and (sic) over the Estate & Trust of Horst Schwab."[9] The factual allegations pertaining to Schwab consist of statements regarding the corporate history and dissolution of Defendant ARMOCO, Inc., f/k/a/ Aristocrat Motor Co. Inc.[10]

Although difficult to decipher, Jackson's allegations against both Schwabs appear to be related to Jackson's purchase and financing of a Porsche Cayenne from Aristocrat Motor Co. Inc. in 2018. This transaction has been the subject of several lawsuits filed by Jackson (*Jackson v. Santander*, No. 2:23-cv-02403-DDC-TJJ (D. Kan.) and *Jackson v. Soave Auto Group, Inc*. No. 22-00108 (Johnson Cnty, Kan. 2022)).

[8] ECF No. 1 ¶ 30.
[9] ECF No. 1 ¶ 49
[10] ECF No. 1 ¶ 77, 95, 98, 110-113.

In the light most favorable to Jackson, Jackson's allegations seem to be that, because the deceased Defendant Horst Schwab owned Aristocrat in 2000, and because there was a reference to the original Aristocrat corporate name and/or dealer identification number on a document when Jackson purchased her Porsche in 2018 from the new owners of Aristocrat (Defendant T.E.N. Investments, Inc.), that somehow Movant (as Horst Schwab's widow and Trustee of his estate) has liability for the filing of the involuntary bankruptcy years later. Jackson's allegations, however, certainly do not connect Movant (or the deceased Horst Schwab) in any way to the filing of the involuntary bankruptcy petition; the only debt not in bona fide dispute under § 303(b) in connection with the involuntary petition was the valid and final judgment held by the Petitioning Creditor.[11] Jackson never raised any issues with respect to her transaction with Movant, Aristocrat Motors, Horst Schwab, or anything about the 2018 Porsche transaction in the main case or particularly in her Sanctions Motion against the Weber Parties in the main case.

Other allegations in Jackson's complaint refer to defendants collectively, fail to specify any individualized conduct of Movant, and omit any allegations connecting Movants and the other defendants. Indeed, the complaint here is comparable to the complaint found deficient in *White v CTX Mortgage LLC,* No. 13–0335–CV–W–DGK., 2013 WL 5592979, at *2 (WD. Mo. Oct. 10, 2013). Like the plaintiff in that case, Jackson "has substituted legal conclusions for facts" and neglected to allege any specific facts connecting Movant to her description of the wide-ranging conspiracy allegedly resulting in the filing of the bankruptcy petition, for example: "Defendants in conspiracy with the alleged creditors, multiple attorneys and law firms, banks and lenders . . .".[12] These broad and general allegations fail to put the various defendants, including Movant, on

[11] While the involuntary petition was pending, Jackson consistently denied that she was not paying her debts as they came due or that she had any other debt. The Court also denied the attempt of another creditor to join the involuntary petition, finding that that creditor's debt was in bona fide dispute. ECF No. 72 (Case No. 23-41601).
[12] *See, e.g.*, ECF No. 1 ¶ 74.

notice of the allegations against them or provide enough facts to make the claims plausible. *See Miller v. City of St. Louis*, No. 4:23-cv-00307-SEP, 2024 WL 1366797, at *3 (E.D. Mo. Mar. 31, 2024) ("Plaintiff's failure to differentiate which acts were committed by which Defendant contributes to the overly general and conclusory nature of the allegations.").

For these reasons, Rule 8 pleading deficiencies in Jackson's complaint against Movant renders the complaint subject to dismissal for failure to state a claim, as discussed next.

***Failure to State a Claim under Rule 12(b)(6)***

Beyond the pleading deficiencies outlined above, Jackson's claims are subject to dismissal for failure to state a claim under Rule 12(b)(6). The claims asserted under Counts I, II, III, IV, and V fail as a matter of law because these claims all require a finding that Movant qualifies as a "de facto petitioning creditor." The Court incorporates herein its discussion in the Weber, Equifax, and Case Linden Orders of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case.

There is one additional reason supporting dismissal of the claims against Movant. Under Kansas law a dissolved corporation may not be sued "after the expiration of the three-year period following voluntary dissolution." *Patterson v. Missouri Valley Steel, Inc.,* 229 Kan. 481, 491, 625 P.2d 483, 491 (1981) (analyzing K.S.A. § 17-6807). It is undisputed that Aristocrat Motor Co. Inc. dissolved in 2000; Jackson alleges so in her complaint.[13] Indeed, the fact Aristocrat dissolved in 2000 is central to Jackson's theory that the financing she obtained for the purchase of the Cayenne in 2018 was fraudulent and therefore void. Regardless of that theory, the fact is that Aristocrat under applicable Kansas law "lost the capacity to sue or be sued" in 2003. *Patterson*, 229 Kan. at

[13] ECF No. 1, ¶ 77.

491. The dissolved Aristocrat entity thus as a matter of law could not have participated in the new entity's sale of a luxury vehicle to Jackson years later, nor could its officers or owners like Horst Schwab, much less the Trustee of Horst Schwab's estate. Because Aristocrat cannot now be sued, neither can its former officers. *See Kerns By & Through Kerns v. G.A.C., Inc*., 255 Kan. 264, 274, 875 P.2d 949, 957 (1994). ("A director or officer of a corporation is not liable for torts committed by the corporation unless the officer or director commits or participates in the tort.").

For this additional reason, Jackson's complaint states no plausible claims against Movant, and Movant is entitled to dismissal of all claims for failure to state a claim upon which relief can be granted.

***Motion to Compel Arbitration***

Finally, Movant argues that Jackson's motion to compel arbitration should be denied because there are no allegations that Movant is a party to the purported arbitration agreement. The Court incorporates the ***Motion to Compel Arbitration*** section of the Weber, Equifax and Case Linden Orders. Jackson fails to allege the existence of any arbitration agreement between her and Movant. Moreover, there are no allegations suggesting a relationship between Movant and Santander, the signatory to the alleged arbitration agreement, which might permit a non-signatory to invoke arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798-99 (8th Cir. 2005). Even if somehow an enforceable arbitration agreement existed, it is beyond any doubt that Jackson has voluntarily waived any right to compel arbitration, given her substantial and continuous litigation of the same claims in this Court. *In Re Pawn Am. Consumer Data Breach Litig*, 108 F.4th 610, 614 (8th Cir. 2024) (A party acts inconsistently with the right to arbitrate where it substantially invokes the litigation machinery).

Jackson's motion to compel arbitration as against Movant is DENIED.

***Amendment of Complaint***

Movant urges that the complaint be dismissed with prejudice as any amendment to the complaint would be futile and unduly prejudicial. The Court incorporates herein the ***Amendment of Complaint*** section in the Weber, Equifax and Case Linden Orders and concludes that the dismissal is with prejudice as any possible amendment would be futile and could not withstand a motion to dismiss, and Movant would otherwise be unduly prejudiced in having to litigate these issues in three separate courts, including this Court, to which Movant has no connection.

Accordingly, the motion to dismiss filed by Movant is hereby GRANTED. All claims asserted in the adversary proceeding against Defendant Brenda Schwab, as Trustee of the Estate of Horst Schwab, are hereby DISMISSED with prejudice.[14]

IT IS SO ORDERED.

DATED: December 10, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

[14] Jackson named Horst Schwab individually as a defendant as well as Brenda Schwab, the Trustee for his estate. This is not the first time Jackson has improperly sued a deceased person, and there is no question that a lawsuit filed by or against a person after death must be dismissed because the cause of action dies with the death of that person. [ECF No. 89]. Jackson did not appeal the ruling.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER GRANTING MOTION OF DEFENDANTS T.E.N. INVESTMENTS, INC., SOAVE ENTERPRISES LLC, SOAVE AUTOMOTIVE GROUP, INC., SOAVE AUTOMOTIVE – ST. LOUIS LLC, KCMER INVESTMENT, INC., ANTHONY L. SOAVE, ANGELA LEWITZKE, EDWARD SCHWARTZ, KEVIN KILLILEA, MARION BATTAGLIA, ROBERT HELLWEG, ANGELIQUE SOAVE, KAYCE JONES, KRAFT TOOL COMPANY, AND RONALD G. MEYER TO DISMISS [ECF NO. 35] WITH PREJUDICE.**

Pending before the Court is the motion of Defendants T.E.N. Investments, Inc., Soave Enterprises LLC, Soave Automotive Group, Inc., Soave Automotive – St. Louis LLC, KCMER Investment Inc., Anthony L. Soave, Angela Lewitzke, Edward Schwartz, Kevin Killilea, Marion Battaglia, Robert Hellweg, Angelique Soave, Kayce Jones, Kraft Tool Company, and Ronald G. Meyer (collectively, "Movants") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED.

***Introduction***

The ***Introduction*** as set forth in the following orders is incorporated herein by reference: Order Granting Defendant Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss

[1] ECF No. 35.

[ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2]; Order Granting Motion to Dismiss of Defendant Equifax [ECF No.79] (the Equifax Order)[3]; Order Granting Motion to Dismiss of Defendants Case Linden, *et al* [ECF No. 29] (the "Case Linden Order)[4]; and Order Granting Motion to Dismiss of Defendant Brenda Schwab, as Trustee of the Estate of Horst Schwab [ECF No. 31] (the "Schwab Order)[5] (collectively, the "Previous Orders"). Additional procedural context about the underlying involuntary bankruptcy case and the adversary complaint as set forth in this Court's many previous orders is also incorporated by reference.[6] Additional background specific to Movants is set forth below.

Movants filed their Motion to Dismiss and Suggestions in Support on October 15, 2025.[7] Jackson sought an extension of time to respond and was granted an extension until November 25, 2025.[8] The Court's Order and Notice Setting Hearing set the matter for hearing at the pretrial, scheduled for January 7, 2026. The deadline of November 25, 2025, for Jackson to respond to Movants' Motion has now expired, and Jackson has not responded. And, as detailed in the ***Introduction*** in the Previous Orders, the Court denied Jackson's motions to stay all deadlines, so the matter is ripe for determination.

Movants comprise collectively T.E.N. Investments, the current owner of Aristocrat Motors, from whom Jackson purchased a Porche Cayenne in 2018, in addition to current and

---

[2] ECF No. 104.
[3] ECF No. 105.
[4] ECF No. 109.
[5] ECF No. 113.
[6] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104, 105, 109, 113 and Court Orders/Notices issued in the underlying bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.
[7] ECF Nos. 35, 36.
[8] ECF No. 64.

former employees (or other representatives) of Aristocrat Motors, some of its related companies, and two of Aristocrat Motors' customers (Movants Kraft Tool Company and Ronald G. Meyer). Movants filed their motion to dismiss Jackson's complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6), as made applicable by Fed. R. Bankr. P. 7008 and 7012.

First, Movants argue that the complaint should be dismissed because the remand order to this Court from the Eighth Circuit's Bankruptcy Appellate Panel (the "BAP") did not authorize Jackson to file an adversary complaint against Movants. Second, Movants argue that the adversary complaint should be dismissed because it fails to satisfy Rule 8 pleading requirements and fails to state a claim against these Movants. Finally, Movants argue that Jackson's motion to compel arbitration fails as exclusive jurisdiction under § 303(i) is vested in the federal and bankruptcy courts. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Previous Orders.

***Analysis***

***Adversary Action is Beyond Scope of Remand Order***

Movants first argue that Jackson exceeded the scope of the BAP's remand to hold an evidentiary hearing on her Sanctions Motion against the Weber Parties by subsequently filing the adversary complaint against them and numerous additional parties, such that the adversary complaint should be dismissed on this ground alone.[9] Movants contend that the bankruptcy court typically loses jurisdiction over adversary complaints upon the dismissal of the bankruptcy case

[9] Movants also allege that Jackson's complaint was generated by generative artificial intelligence, citing a reference that purports to identify documents so created. Movants have not requested dismissal on such grounds, or requested other relief, such as sanctions. The Court has not consulted such reference and makes no determination regarding how Jackson created the complaint. In any event, the Court for purposes of the Motion to Dismiss must nonetheless construe the allegations in the light most favorable to Jackson, regardless of how Jackson generated the complaint, and Movants cite no authority to the contrary. The Court notes that its Order requiring parties to certify whether they used a generative AI program to create their documents and whether they verified the document for accuracy was not entered until later in this case and that Jackson since the Court entered the Order has complied with the Court's certification requirement.

and therefore this Court should dismiss the adversary either because of lack of jurisdiction or as an appropriate exercise of jurisdiction to address only the § 303(i) claims that Jackson asserted in the main bankruptcy case in her Sanctions Motion. With respect to this argument, the Court will first address the scope of the remand, and then the issue of subject matter jurisdiction.

***Scope of the Remand***

Specifically, Movants contend that there is not a "sufficient link" between the previously dismissed involuntary bankruptcy case and the adversary complaint to "trigger" the bankruptcy court's jurisdiction. Movants miscomprehend the nature of the scope of the remand doctrine.

Movants are correct that, upon remand, a court is ordinarily limited to determining those issues within the "scope of the remand."[10] The "mandate rule" is best described as a specific application of the "law of the case" doctrine.[11] The basic tenet of the mandate rule is that a lower court is bound to the scope of the remand issued by the appellate court (with certain exceptions not applicable here).[12]

The "mandate rule" circumscribes what this Court may do, in addition to, perhaps, limiting what the appellant who is successful on appeal may do on remand. To be sure, Jackson is arguing on appeal and in connection with her writ of mandamus that this Court has violated the scope of the BAP's remand by allegedly failing to grant her an evidentiary hearing on her Sanctions Motion (among other of this Court's actions and orders of which she complains). The BAP and/or the Eighth Circuit will ultimately determine whether that is true. But, as to these Movants, the Court believes that Movants' argument is, in essence, that Jackson has either *waived* her right to expand

---

[10] *See, e.g., In re Purdy*, 870 F.3d 436, 442-43 (6th Cir. 2017) (citations and internal quotation marks and brackets omitted). *See also* 18B Wright and Miller, *Federal Practice and Procedure* § 4478.3 (2d ed.) (discussing the mandate rule).
[11] *Id.*
[12] *Id.*

her Sanctions Motion against the Weber Parties to include these Movants as additional target defendants, or that she should be *estopped* from doing so.

A plausible argument can be made that Jackson – by seeking § 303(i) sanctions only against the Weber Parties before this Court and on appeal – has either upon remand waived her right to file an adversary complaint against other parties and/or should be estopped from now in essence expanding her quest for damages to other parties. Nonetheless, for purposes of deciding a Rule 12(b)(6) motion to dismiss, the Court declines to dismiss Jackson's complaint on waiver or estoppel grounds, in the light most favorable to Jackson.

***Subject Matter Jurisdiction***

As what the Court considers a corollary argument to the Movants' scope of the remand argument, Movants also argue in essence that, because the adversary complaint exceeds the scope of the remand, this Court lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1), made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012, permits a party to assert lack of subject matter jurisdiction as a defense through a motion to dismiss. Fed. R. Civ. P. 12(b)(1).

The Court has already addressed the question of subject matter jurisdiction in the Case Linden Order.[13] In that order, the Court noted that the Case Linden Movants, like Movants here, are incorrectly "conflating this Court's subject matter jurisdiction with this Court's authority to hear, determine, and enter a final judgment on the complaint and related proceedings filed before it."[14] The Court determined that the Eighth Circuit's recent decision in *Stursberg v Morrison Sund PLLC*, 112 F.4th 556) (8th Cir. 2024) confirmed that the Court had subject matter jurisdiction over Jackson's adversary complaint under the plain language of 28 U.S.C. § 1334(b) (establishing

[13] ECF No. 109.
[14] *Id.*

jurisdiction of proceedings "arising under" title 11, in addition to proceedings "arising in" or "related to" a bankruptcy proceeding).

Notwithstanding this Court's conclusion that subject matter jurisdiction exists, this Court also recognized in the Case Linden Order that it may not, according to the Eighth Circuit in *Stursberg*, have the power to "to adjudicate, render final judgment, and issue binding orders in a *§ 303(i)(2)* damages action by the debtor based on traditional tort theories (emphasis added)."[15] Following the lead of the Eighth Circuit in *Stursberg*, this Court in the Case Linden Order then determined that it was unnecessary to answer that question now and instructed that "[i]f all or part of Jackson's complaint survives the many pending motion to dismiss, the Court will then determine as to any surviving claims whether they are §303(i)(1) 'core' claims or potentially 'non-core claims.'"[16]

This Court instructed that even if it turns out that Jackson's claims against any surviving defendants are non-core, over which the bankruptcy court has no authority to enter final orders, that "does not mean that the bankruptcy court is deprived of jurisdiction."[17] Rather, as correctly explained in *Stursberg,* it means only that any non-core, related to proceedings over which the bankruptcy court has no authority to enter final orders would simply be subject to entry of final orders by the district court.[18]

This Court provides the same caution as expressed in the Case Linden Order: "In an abundance of caution, and to the extent Movants have not in their motions to dismiss consented – and it is not clear – to this Court's authority to enter a final order granting their motion to dismiss, nothing in this Order should be construed as depriving Movants of the ability to file a prompt

[15] ECF No. 109.
[16] *Id*.
[17] *Id*.
[18] *Id*. and n. 14.

motion to withdraw the reference requesting that a District Court judge grant *de novo* review and enter any final order."[19]

Although only briefly mentioned by Movants (and seemingly inconsistent with their argument that the Court lacks subject matter jurisdiction), the Movants also suggest that this Court should exercise its discretion to dismiss Jackson's adversary complaint. After considering the interests of judicial economy, convenience to the parties, fairness, and comity, the Court declines to exercise its discretion to dismiss the pending adversary proceeding. *See In re Millenium Seacarriers, Inc*., 458 F.3d 92, 96 (2d Cir. 2006) (discussing discretion to retain jurisdiction). Jackson seeks recovery of damages incurred in the filing of an involuntary bankruptcy petition from a large group of defendants who were not signatories to the bankruptcy petition. This Court is most familiar with the involuntary case and, in the interests of judicial economy, convenience to the parties, fairness, and comity, the Court believes it should exercise its discretion to retain jurisdiction over the adversary complaint filed under the umbrella of the involuntary bankruptcy proceeding.

Movants' argument to dismiss Jackson's adversary complaint for exceeding the scope of remand – be it on the Court's or Jackson's part – and, for lack of jurisdiction or as an appropriate exercise of jurisdiction upon remand, is DENIED.

[19] ECF No. 109 and reinforcing this Court's discussion of consent: "Jackson has certainly waived, if not outright consented, to her right to contest this Court's authority, given that she filed a Sanctions Motion with this Court, appealed the Court's Order denying her a hearing on her Sanctions Motion, invoked this Court's jurisdiction by filing the adversary complaint, and has never contested this Court's authority to hear and determine the Sanctions Motion and to enter a final judgment, except in her belated motions to recuse and for transfer to another district. Although Jackson requested a jury trial in her complaint [ECF No. 1, ¶ 60], merely because a party has jury triable rights does not necessarily deprive the bankruptcy court of either subject matter jurisdiction or the ability to hear, determine, and enter final orders in a jury-tried case. Fed. R. Bankr. P. 9015. To the extent Movants do not consent to this Court's authority to enter a final order, this Order shall be treated as a proposed order subject to *de novo* review by the District Court. *See* Fed. R. Bankr. P. 9033."

***Pleading Deficiencies***

For the same reasons as discussed in the Previous Orders, dismissal is appropriate under Rule 12(b)(6) because of Jackson's pleading deficiencies. As described in the Previous Orders, Jackson failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Rule 8 requires that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even giving Jackson's complaint the benefit of liberal review, as required, the allegations are conclusory and do not give fair notice of the claims asserted against Movants.

This Court has already described the deficiencies in this Complaint in the Previous Orders. The most glaring problems are that Jackson's allegations are made against the Movants collectively; fail to specify individualized conduct of the Movants; and fail to connect Movants to the other Defendants under any type of conspiracy, agency or other theory. As explained in more detail below, the broad allegations of Jackson's complaint fail to comply with the notice requirements of Rule 8.

First, the factual allegations against these Movants are deficient. For example, the only allegations specific to Movants Soave Enterprises LLC, Soave Automotive Group Inc., Soave Automotive – St. Louis LLC, KCMER Investment, Inc., Anthony L. Soave, Angela Lewitzke, Edward L. Schwartz, Kevin Killilea, Marion Battaglia, Robert Hellweg, Angelique Soave, and Kayce Jones are contained in "THE PARTIES" section of the complaint.[20] These allegations provide only bare identifying information about the Movants, and the complaint contains no further allegations that reference any conduct by these Movants or suggest any basis for individual

[20] Doc. 1 ¶¶ 17, 21, 32, 34, 35, 40, 45, 46, 47, 48.

liability. Jackson's complaint does not provide these Movants fair notice of the claims asserted against them.

Likewise, the only other allegations specific to Movants Kraft Tool Company and Ronald G. Meyer (Aristocrat Motor's customers, according to Movants) are the identifying allegations contained in the "THE PARTIES" Section of the complaint[21] and other rambling allegations later in the complaint.[22] These allegations appear to be related to Jackson's 2018 purchase and financing of the Porsche Cayenne from Aristocrat Motors, which transaction was discussed at length in the Schwab Order.[23] Jackson's complaint identifies these two Movants by name but says nothing else about them, and she directs her claim to the Weber Parties' alleged failure to conduct due diligence before filing the involuntary bankruptcy.[24]

Jackson makes numerous individualized allegations against Movant T.E.N. Investments, the current owner of Aristocrat Motors.[25] Even though there are more individualized allegations against T.E.N. Investments, none of the allegations are sufficient to provide notice upon a plausible claim that Jackson is entitled to relief against T.E.N. Investments specifically. Jackson's allegations are, for the most part, related, again, to her purchase and financing of the Porsche Cayenne from Aristocrat Motor Co. Inc. in 2018. As noted in the Schwab Order, this transaction has been the subject of several lawsuits, and Jackson has not shown in any way how this transaction is plausibly or even remotely connected to the involuntary bankruptcy proceeding against her.

Jackson's only allegation that might remotely connect Movant T.E.N. Investments to the involuntary bankruptcy proceeding is the allegation that "Trevor Bond was acting as counsel for

---

[21] ECF No. 1 ¶¶ 18,19.
[22] ECF No. 1 ¶ 135.
[23] ECF No. 113. Noting that Jackson never raised "anything about the 2018 Porsche transaction in the main case or particularly in her Sanction Motion against the Weber parties in the main case."
[24] ECF No. 1 ¶ 135.
[25] *See, e.g*. ECF No. 1 ¶¶ 20, 89, 91, 94, 96, 99, 100, 103, 104.

Aristocrat Motors" and allegations that Bond was a "de facto orchestrator" of the involuntary petition. [ECF 1 ¶¶ 118, 119, 130)].[26] Construing the complaint liberally, as this Court must, Jackson might be alleging that the acts of Bond can somehow be attributed to T.E.N. Investments. To state a plausible claim for relief, however, the Court would then have to credit Jackson's theory that Defendant Bond and Movant T.E.N. Investments were together "de facto petitioning creditors." Even construing Jackson's claims liberally, as this Court must, her claims cannot meet the Supreme Court's plausibility standard. This Court has rejected Jackson's de facto petitioning creditor theory, specifically as to Bond in the Case Linden Order, and to all other non-signatory defendants as discussed in the Previous Orders. In short, even in the light most favorable to Jackson, she fails to allege any plausible claim relating any actions of Bond to the Defendant T.E.N. Investments or to the other Movants.

***Failure to Plead a Cause of Action***

As discussed in the Previous Orders, Jackson's claims asserted under Counts I, II, III, IV, and V fail as a matter of law because these claims all require a finding that the Movants qualify as "de facto petitioning creditors." The Court incorporates herein its discussion in Previous Orders of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case.

For these reasons, Jackson's complaint states no plausible claims against Movants and Movants are entitled to dismissal of all claims for failure to state a claim upon which relief can be granted.

---

[26] Note that more information about Bond, as a former Case Linden attorney and this Court's former law clerk, is discussed in the Case Linden Order.

***Motion to Compel Arbitration***

Finally, Movants argue that Jackson's motion to compel arbitration should be denied because exclusive jurisdiction under § 303(i) is vested in the federal and bankruptcy courts.

This Court has rejected the enforceability of the arbitration provision in the Previous Orders, because there is no enforceable arbitration agreement and because Jackson has waived any right to arbitration she might have had.

Movants state that "multiple courts" have declined to order arbitration of claims within the exclusive jurisdiction the bankruptcy court.[27] And because *Stursberg*[28] ruled that "the federal court that dismisses an involuntary case has exclusive jurisdiction to enforce the debtor remedies provided in § 303," this Court should deny arbitration on this ground.

The shortcoming of Movants' argument is that Jackson has not only sought recovery pursuant to § 303(i) but she also brings state law claims for malicious prosecution and abuse of process. Thus, this Court cannot say that the case is based on the exclusive remedies of § 303. However, because this Court has already determined that there is no enforceable arbitration agreement between Jackson and any of the other Defendants this Court has addressed in its Previous Orders to date, and that Jackson has otherwise by her actions in this Court waived any right to arbitration, even assuming the existence of an enforceable arbitration agreement, the Court need not delve further into this additional theory.

In sum, there is no enforceable agreement against any of these Movants and Jackson has waived any right to arbitration she may have had.

Jackson's motion to compel arbitration as against Movants is DENIED.

---

[27] Citing *In re Project Restore, LLC*, No. 3:22-bk-01897, 2022 WL 6233552 (Bankr. M.D. Tenn. Oct. 7, 2022); *Startec Glob. Communs. Corp. v. Videsh Sanchar Nigam Ltd. (In re Startec Glob. Communs. Corp.)*, 292 B.R. 246, 254 (Bankr. D. Md. 2003)
[28] 112 F.4th at 563.

***Amendment of Complaint***

Although Movants do not address whether Jackson's complaint should be dismissed with or without prejudice, the Court incorporates herein the ***Amendment of Complaint*** section in the Previous Orders and concludes that the dismissal should be with prejudice as any possible amendment would be futile and could not withstand a motion to dismiss.

Accordingly, the motion to dismiss filed by Movants is hereby GRANTED. All claims asserted in the adversary proceeding against Defendants T.E.N. Investments, Inc., Soave Enterprises LLC, Soave Automotive Group, Inc., Soave Automotive – St. Louis LLC, KCMER Investment Inc., Anthony L. Soave, Angela Lewitzke, Edward Schwartz, Kevin Killilea, Marion Battaglia, Robert Hellweg, Angelique Soave, Kayce Jones, Kraft Tool Company, and Ronald G. Meyer, are hereby DISMISSED with prejudice. The Court directs entry of a final judgment of dismissal as to Jackson's claims against these Movants, expressly determining there is no just reason for delay.[29]

IT IS SO ORDERED.

DATED: December 15, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

[29] Pursuant to Fed. R. Civ. P. 54(b) as made applicable by Fed. R. Bankr. P. 7054. The Court notes that Movants in fn. 6 of their Suggestions in Support of their Motion to Dismiss [ECF No. 36] recite the numerous other cases pending between the parties, which suggests to this Court the need for a final order to minimize the risk of inconsistent rulings.

2jgmtwoh (5/19)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

***In Re:*** Chapter Kris Jackson
***Debtor***

***Bankruptcy Case No.***
23−41601−can7

**Chapter Kris Jackson**
Plaintiff(s)

***Adversary Case No.***
25−04023−can

v.

**Eric Johnson**
**Aristocrat Motor Co., Inc.**
**ARMCO, Inc.**
**T.E.N. Investments, Inc.**
**Santander Consumer USA Holdings Inc.**
**Santander Consumer USA Inc.**
**TransUnion LLC**
**Kraft Tool Company**
**Ronald G Meyer**
**Spencer Fane LLP**
**Soave Automotive Group Inc.**
**Soave Enterprises LLC**
**Soave Automotive − St. Louis LLC**
**Experian Information Solutions Inc.**
**Angela Lewitzke**
**Edward L Schwartz**
**Marion Battaglia**
**Robert Hellweg**
**Angelique Soave**
**KCMER Investment Inc.**
**Blane Markley**
**Manfred Hetzel**
**Terry Buchholtz**
**Stephanie Anne Turner**
**Anthony L Soave**
**Anna Patricia Botin**
**Kayce Jones**
**Justin R. Leck**
**Chrysler Capital LLC**
**Tim Wennes**
**Christiana Riley**
**Spenserve, Inc.**
**Kevin Killilea**
Defendant(s)

## JUDGMENT

The issues of this proceeding having been duly considered by the Honorable Cynthia A Norton , United States Bankruptcy Judge, and a decision having been reached without a trial or hearing.

IT IS ORDERED AND ADJUDGED: that Movants' argument to dismiss Jackson's adversary complaint for exceeding the scope of
remand be it on the Court's or Jackson's part and, for lack of jurisdiction or as an appropriate
exercise of jurisdiction upon remand, is DENIED; and

that Jackson's motion to compel arbitration as against Movants is DENIED; and

that the motion to dismiss filed by Movants is hereby GRANTED. All claims asserted in the adversary proceeding against Defendants T.E.N. Investments, Inc., Soave Enterprises LLC, Soave Automotive Group, Inc., Soave Automotive St. Louis LLC, KCMER Investment Inc., Anthony L. Soave, Angela Lewitzke, Edward Schwartz, Kevin Killilea, Marion Battaglia, Robert Hellweg, Angelique Soave, Kayce Jones, Kraft Tool Company, and Ronald G. Meyer, are hereby DISMISSED with prejudice. This is a final judgment of dismissal as to Jackson's claims against these Movants, expressly determining there is no just reason for delay.




By: /s/ Cynthia A Norton
United States Bankruptcy Judge

Date of issuance: 12/16/25

Court to serve

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER GRANTING MOTION TO DISMISS OF SPENCER FANE LLP, SPENSERV, INC., BLANE MARKLEY, JUSTIN LECK AND ERIC JOHNSON [ECF NO. 58] WITH PREJUDICE**

Pending before the Court is the motion of Defendants Spencer Fane LLP, Spenserv, Inc., Blane Markley, Justin Leck and Eric Johnson (collectively, "Movants") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED.

***Introduction***

The ***Introduction*** as set forth in the Order Granting Defendants Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss [ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2]; Order Granting Motion to Dismiss of Defendant Equifax [ECF No.79] (the "Equifax Order")[3]; Order Granting Motion to Dismiss of Case Linden [ECF No.29] (the "Case Linden Order")[4]; Order

[1] ECF No. 27.
[2] ECF No. 104.
[3] ECF No. 105.
[4] ECF No. 109.

Granting Motion to Dismiss of Defendant Brenda Schwab, as Trustee of the Estate of Horst Schwab [ECF No. 31] (the "Schwab Order")[5]; and Order Granting Motion to Dismiss of T.E.N. Investments [ECF No. 35] (the "T.E.N. Investments Order")[6] (collectively, the "Previous Orders") is incorporated herein by reference. Additional procedural context about the underlying involuntary bankruptcy case and the adversary complaint as set forth in this Court's many previous orders is also incorporated by reference.[7] Additional background specific to Movants is set forth below.

Movants filed their Motion to Dismiss and Suggestions in Support on October 29, 2025.[8] Jackson sought an extension of time to respond and was granted an extension until November 25, 2025.[9] The Court's Order and Notice Setting Hearing set the matter for hearing at the pretrial, scheduled for January 7, 2026. The deadline of November 25, 2025, for Jackson to respond to Movants' Motion has now expired, and Jackson has not responded. And, as detailed in the ***Introduction*** in the Previous Orders, the Court denied Jackson's motions to stay all deadlines, so the matter is ripe for determination.

Movants filed this motion to dismiss Jackson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and (6). First, Movants contend that the complaint should be dismissed against Defendant Spenserv, Inc. for insufficient process. Second, Movants argue that the complaint should be dismissed as against all Defendant Movants pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Movants also make reference to jurisdictional

[5] ECF No. 113.
[6] ECF No. 121.
[7] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104, 105, 109, 113, 121 and Court Orders/Notices issued in the underlying bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.
[8] ECF Nos. 58, 59.
[9] ECF No. 64.

and scope of remand arguments made by the T.E.N. Investments Defendants, which the Court will address out of an abundance of caution. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Previous Orders.

***Analysis***

***Service of Process***

Movants first argue that the complaint must be dismissed for insufficient process as to Defendant Spenserv. The Court laid out the legal standards governing proper service of process upon domestic corporations in the Case Linden Order.[10] For the reasons stated below, Jackson has not met her burden of showing proper service on Defendant Spenserv by a preponderance of evidence.

After filing her complaint, the Court directed Plaintiff to effect service on Defendants within seven days of issuing the summons.[11] Plaintiff then filed Certificates of Service purporting to show service over the named defendants, including Spenserv.[12] The Certificate of Service applicable to Spenserv states that Jackson through Elizabeth Stevens personally served "Monique Jackson" at "1000 Walnut Street in Kansas City, Missouri."[13]

Spenserv argues that there are three different Spenserv entities – in Kansas, Missouri, and Florida – and contends that Jackson both named and served the wrong Spenserv entity, since the Kansas Spenserv entity was the registered agent for Aristocrat Motors and ARMOCO. The Court cannot tell which entity Jackson intended to name as a defendant, based on the allegations in her complaint, which states:

---

[10] ECF No. 109. The Court notes that the Case Linden Defendants moved to dismiss under Rule 12(b)(5) (insufficient service of process) and not Rule 12(b)(4) (insufficient process), but the distinction is not material; the standards governing proper service under Rule 7004(b)(3) apply regardless of which subsection of Rule 12(b) the Court considers.
[11] ECF No. 3.
[12] ECF No. 7.
[13] ECF No. 7, at p.7

> Spenserv Inc. [sic] serves as a registered agent for various entities across multiple states, just recently [sic] said company resigned from Aristocrat Motor Co., and ARMCO, Inc. [sic] Spenserv is incorporated in Florida, it maintains a presence in multiple states to provide registered agent services and support to various businesses in the State of Kansas and Missouri. [14]

In the light most favorable to Jackson, the Court need not decide whether Jackson named the correct Spenserv entity, since service on either the Kansas, Missouri, or Florida Spenserv was insufficient. The Court incorporates the ***Service of Process*** section of the Case Linden Order regarding service upon a domestic corporation. Jackson's executed return of service upon "Spenserv Inc." establishes that she failed to address service to an officer, managing or personal agent, or agent authorized by receive service on behalf of Spenserv as required under Rule 7004(b)(3).

Jackson has not responded to Movants' motion to dismiss for insufficiency of process and has not requested an alias summons to effectuate proper service on whichever Spenserv she intended to name as a defendant, and the time is now expired.[15] Jackson has failed to meet her burden of showing proper service and the motion to dismiss Defendant Spenserv for lack of service is GRANTED.

***Jurisdictional Argument and Scope of Remand***

It is not clear whether Movants are making both a subject matter jurisdiction argument and a scope of remand argument directly in support of their Motion to Dismiss. To the extent they are, the Court incorporates the ***Subject Matter Jurisdiction*** section of the Case Linden Order[16] and the ***Adversary Action is Beyond Scope of Remand***, ***Scope of the Remand Order***, and ***Subject Matter Jurisdiction*** sections of the T.E.N. Investments Order[17] and denies the Movants' motion to dismiss

[14] ECF No. 1 ¶ 36.
[15] *See, e.g*, ECF No. 128.
[16] ECF No. 109.
[17] ECF No. 121.

on those grounds, with the same caveat that if Movants have not consented to this Court's entry of a final order granting dismissal, they may promptly move to withdraw the reference to request that a District Court judge grant *de novo* review and enter any final order."[18]

***Pleading Deficiencies***

For the same reasons as discussed in the Previous Orders, dismissal is appropriate under Rule 12(b)(6) because of Jackson's pleading deficiencies. As described in the Previous Orders, Jackson failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Rule 8 requires that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even giving Jackson's complaint the benefit of liberal review, as required, the allegations are conclusory and do not give fair notice of the claims asserted against Movants.

This Court has already described the deficiencies in this Complaint in the Previous Orders. The most glaring problems are that Jackson's allegations are made against the Movants collectively; fail to specify individualized conduct of the Movants; and fail to connect Movants to the other Defendants under any type of conspiracy, agency or other theory. As explained in more detail below, the broad allegations of Jackson's complaint fail to comply with the notice requirements of Rule 8 as to any of the Movants and fail to plead a plausible cause of action against Movants.

[18] ECF No. 109 and reinforcing this Court's discussion of consent: "Jackson has certainly waived, if not outright consented, to her right to contest this Court's authority, given that she filed a Sanctions Motion with this Court, appealed the Court's Order denying her a hearing on her Sanctions Motion, invoked this Court's jurisdiction by filing the adversary complaint, and has never contested this Court's authority to hear and determine the Sanctions Motion and to enter a final judgment, except in her belated motions to recuse and for transfer to another district. Although Jackson requested a jury trial in her complaint [ECF No. 1, ¶ 60], merely because a party has jury triable rights does not necessarily deprive the bankruptcy court of either subject matter jurisdiction or the ability to hear, determine, and enter final orders in a jury-tried case. Fed. R. Bankr. P. 9015. To the extent Movants do not consent to this Court's authority to enter a final order, this Order shall be treated as a proposed order subject to *de novo* review by the District Court. *See* Fed. R. Bankr. P. 9033."

***No Plausible Claim For Relief***

Jackson's claims for relief against Movants arise in connection with her 2018 purchase of the Porsche Cayenne from Aristocrat Motors. The Defendant Spencer Fane, LLP, is a Kansas City-based law firm that had represented Aristocrat Motors on general business matters. Spenserv, a corporation organized by Spencer Fane to serve as a registered agent for the firm's clients, was Aristocrat's registered agent.[19] Attorney Blane Markley, a partner at Spencer Fane, served as a vice-president of Spenserv, and attorney Eric Johnson and Justin Leck are also partners of the firm.

Several months after the B.A.P. remanded this case with the direction that this Court hold an evidentiary hearing on Jackson's sanction motion, Markley wrote a letter to Aristocrat on behalf of Spenserv in October 2024, giving notice of Spenserv's resignation as Aristocrat's registered agent. In the meantime, the Weber Parties' Rule 26 disclosures in connection with discovery in the main case listed attorney Johnson was a potential fact witness on the subject of "communications with Victor Weber prior to the filing of the involuntary petition … ."[20] By this time, Jackson had already commenced litigation against Aristocrat, Santander, and other parties in state court on her theory that the Cayenne purchase was fraudulent.[21]

In the light most favorable to Jackson, she alleges that, once she had "exposed" the fraud of Aristocrat Motors, et al, that the Movants in essence jointly conspired to conceal the fraudulent car purchase and foil her attempts to hold Aristocrat and the other parties accountable. Here is how she describes the conspiracy in her complaint:

[19] ECF No. 1, Exh. 2-B.
[20] ECF No. 1, Exh. 12.
[21] The various pending lawsuits are set forth in fn. 4 of the Movants' Suggestions in Support of the Motion to Dismiss.

> Victor Weber and Merrick Baker P.C. jointly coordinated with Eric Johnson – identified in Rule 26(a)(1) disclosures as a person with knowledge regarding the filing of the involuntary petition (Exhibit 12, p. 2, line 5) – to conceal that Plaintiff's underlying transaction was conducted with a dissolved corporation and dealership, Aristocrat Motor Co., Inc. At the same time, Eric Johnson is associated with Spenserv, Inc./Spencer. Fane [sic] (and on information and belief, aligned with Spencer Fane), the very outfit whose personnel – Blane Markley and Justin Leck – engineered the post-exposure corporate maneuvers that dismantled the dissolved entity 'Aristocrat Motor Co.' Inc. [sic] public footprint, including resignations of resident [sic] agents and related filings for ARMOCO, Inc., (formerly Aristocrat Motor Co., Inc.) after the involuntary Bankruptcy was dismissed/abstained.[22]

Movants are correct that Jackson fails to state a plausible claim for relief against these Movants, for several reasons.

First, the complaint states no claim whatsoever against the law firm Spencer Fane. Jackson alleges no conduct of Spencer Fane and no connection with the involuntary bankruptcy filing or role in any conspiracy, except that attorneys Johnson, Markley, and Leck are partners of the firm. And the same is true of Spenserv.

Second, Johnson's alleged "association" with Spenserv,[23] assuming it is true, is insufficient to state grounds for plausible relief. Jackson fails to allege any conduct Johnson undertook in furtherance of the alleged conspiracy to "weaponize" the involuntary filing, other than to talk to Victor Weber before the involuntary petition was filed. The sum total of Jackson's allegations against Johnson are that he is a partner at Spencer Fane, associated with Spenserv, and talked to Victor Weber. Given that Jackson fails to allege any conduct by Spencer Fane or Spenserv, or any acts showing Johnson conspired with Weber, Jackson fails to state any plausible claim against Johnson.

As for Markley and Leck, Jackson alleged that they "engineered" the scheme to in essence conceal and protect Aristocrat. Even assuming that is true, Jackson utterly fails to show how

---

[22] ECF No. 1, ¶ 137.
[23] ECF No. 1, ¶ 114.

protecting their client had anything to do with the involuntary bankruptcy filing. More importantly, when the alleged corporate maneuver was allegedly "engineered" – in October 2024 when Markley gave notice of Spenserv's resignation – Jackson was already aware of the alleged scheme; she filed her first lawsuit arising out of the Porsche purchase in 2022, long before the involuntary bankruptcy was even commenced.

In sum, Jackson's allegations provide only bare identifying information about these Movants and reference very little conduct on the part of these Movants and no conduct which is connected in any way to the involuntary bankruptcy proceeding. Instead, the Movants are included collectively in the conspiracy-type allegations discussed in the Previous Orders, characterizing all participants, including these Movants, as "de facto creditors" in the involuntary bankruptcy proceeding.

As stated, the claims asserted in Counts I, II, III, IV, and V, fail as a matter of law because these claims all require a finding that the Movants qualify as "de facto petitioning creditors." The Court incorporates previous by reference herein its discussion in the Previous Orders of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case.

For these reasons, Jackson has failed to allege a cause of action against Movants and the Movants are entitled to dismissal of the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

***Motion to Compel Arbitration***

Movants do not address Jackson's motion to compel arbitration. Nevertheless, the Court incorporates the ***Motion to Compel Arbitration*** section of the Previous Orders and declines to

compel arbitration of this dispute. Jackson's motion to compel arbitration as against Movants is DENIED.

***Amendment of Complaint***

Movants contend that the complaint should be dismissed with prejudice. The Court incorporates herein the ***Amendment of Complaint*** section in the previous Orders and concludes that the dismissal is with prejudice as any possible amendment would be futile and could not withstand a motion to dismiss and would likewise prejudice these Movants, who are litigating with Jackson in various courts.

Accordingly, the motion to dismiss filed by Movants is hereby GRANTED. All claims asserted in the adversary proceeding against Defendants Spencer Fane LLP, Spenserv, Inc., Blane Markley, Justin Leck, and Eric Johnson are hereby DISMISSED with prejudice. The Court directs entry of a final judgment of dismissal as to Jackson's claims against these Movants, expressly determining there is no just reason for delay.[24]

IT IS SO ORDERED.

DATED: December 17, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

[24] Pursuant to Fed. R. Civ. P. 54(b) as made applicable by Fed. R. Bankr. P. 7054. The Court notes that the Movants in fn. 4 of their Suggestions in Support of their Motion to Dismiss [ECF No. 59] recite the numerous other cases pending between the parties, which suggests to this Court the need for a final order to minimize the risk of inconsistent rulings.

2jgmtwoh (5/19)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

***In Re:*** Chapter Kris Jackson
***Debtor***

**Chapter Kris Jackson**
Plaintiff(s)

v.

**Eric Johnson**
**Aristocrat Motor Co., Inc.**
**ARMCO, Inc.**
**T.E.N. Investments, Inc.**
**Santander Consumer USA Holdings Inc.**
**Santander Consumer USA Inc.**
**TransUnion LLC**
**Kraft Tool Company**
**Ronald G Meyer**
**Spencer Fane LLP**
**Soave Automotive Group Inc.**
**Soave Enterprises LLC**
**Soave Automotive − St. Louis LLC**
**Experian Information Solutions Inc.**
**Angela Lewitzke**
**Edward L Schwartz**
**Marion Battaglia**
**Robert Hellweg**
**Angelique Soave**
**KCMER Investment Inc.**
**Blane Markley**
**Manfred Hetzel**
**Terry Buchholtz**
**Stephanie Anne Turner**
**Anthony L Soave**
**Anna Patricia Botin**
**Kayce Jones**
**Justin R. Leck**
**Chrysler Capital LLC**
**Tim Wennes**
**Christiana Riley**
**Spenserve, Inc.**
**Kevin Killilea**
Defendant(s)

***Bankruptcy Case No.***
23−41601−can7

***Adversary Case No.***
25−04023−can

## JUDGMENT

The issues of this proceeding having been duly considered by the Honorable Cynthia A Norton , United States Bankruptcy Judge, and a decision having been reached without a trial or hearing.

IT IS ORDERED AND ADJUDGED: That Chapter Jackson has failed to meet her burden of showing proper service and the motion to dismiss Defendant Spenserv for lack of service is GRANTED; and

that Chapter Jackson has failed to allege a cause of action against Movants and the Movants are entitled to dismissal of the claims pursuant to Federal Rule of Civil Procedure 12(b)(6); and

that Chapter Jacksons motion to compel arbitration as against Movants is DENIED; and

that the motion to dismiss filed by Spencer Fane LLP, Spenserv, Inc., Blane Markley, Justin Leck and Eric Johnsonis hereby GRANTED With Prejudice; and

that all claims asserted in the adversary proceeding against Defendants Spencer Fane LLP, Spenserv, Inc., Blane Markley, Justin Leck, and Eric Johnson arehereby DISMISSED with prejudice. This is a final judgment of dismissal as to Chapter Jacksons claims against these Movants, expressly determining there is no just reason for delay.

United States Bankruptcy Court for the Western District of Missouri

By: /s/ Cynthia A Norton
United States Bankruptcy Judge

Date of issuance: 12/17/25

Court to serve