IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

IN RE:

Chapter Kris Jackson, Involuntary Chapter 7

Alleged Debtor,

CHAPTER KRIS JACKSON Adv. No. 25-04023-can

Plaintiff, Appeal 26-6001

vs

ERIC JOHNSON, et al
/

# AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

Appellant Chapter Jackson hereby respectfully submits this Notice of Appeal to include final orders entered, pursuant to Fed. R. Bankr. P. 8002(a)(1)(A).

**Part 1: Identify the appellant:**

**1. Name of the appellant**

Chapter Kris Jackson

**2. Position of appellant in the adversary proceeding and bankruptcy case that is the subject of this appeal:**

For appeals in an involuntary bankruptcy case adversary proceeding: The appellant was the alleged debtor in the involuntary chapter 7 bankruptcy case 23-41601-can7 and is the plaintiff in the adversary case Adv. No. 25-04023-can.

**Part 2: Identify the subject of this appeal:**

**1. Describe the judgment, order, or decree appealed from:**

*ORDER GRANTING MOTION TO DISMISS OF SANTANDER CONSUMER USA INC. [ECF NO. 92] WITH PREJUDICE;* **[ECF 145]** Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 145]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000).

(*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

JUDGMENT; **[ECF 146]** Federal Arbitration Act 9 U.S.C. § 16(a), 9 U.S.C. § 16(a)(1)(B) **[ECF 146]** – Immediate appeal permitted. (*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)) (Green *Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 85–86 (2000). (*Stedor Enters., Ltd. v. Armtex, Inc*., 947 F.2d 727, 730 (4th Cir. 1991)).

*ORDER DISMISSING PLAINTIFF'S ADVERSARY COMPLAINT WITH PREJUDICE*; **[ECF 153]**

JUDGMENT; **[ECF 154]**

**<u>All related, underlying, or derivative rulings merged into these final orders, including but not limited to:</u>**

- Denials of ADA accommodations
- Denials of extensions of time
- Denials of requests for attorney fees under 303(i)(1) /authorization of counsel
- Denials of recusals (Recusal issue is reviewable after final order) ( *In re Kansas Pub. Employees Ret. Sys.* , 85 F.3d 1353, 1358 (8th Cir. 1996) – Also See: Since we had made mandamus "the only recourse available" to challenge § 455(a) denials, we departed from the usual mandamus standard and decided that we would also apply *de novo* (non-deferential) standards to mandamus petitions in this particular context. See *Hook v. McDade* , 89 F.3d 350, 353–54 & n.2 (7th Cir. 1996), citing *Taylor* , 888 F.2d at 1201 ; see also *In re Hatcher* , 150 F.3d 631, 637 (7th Cir. 1998), citing *Hook* , 89 F.3d at 353–54 ; *In re United States* , 572 F.3d 301, 307 (7th Cir. 2009), also citing *Hook* , 89 F.3d at 353–54 ; *In re Sherwin-Williams Co.* , 607 F.3d 474, 477 (7th Cir. 2010), citing *In re United States* , 572 F.3d at 307.) (Mandamus functions in practice as a limited form of interlocutory appeal. See *Martin v. United States* , 96 F.3d 853, 854 (7th Cir. 1996) ("When ... mandamus is being sought against the judge presiding in the petitioner's case, it is realistically a form of interlocutory appeal ...."); see also *Ex parte Crane* , 30 U.S. (5 Pet.) 190, 193, 8 L.Ed. 92 (1831) (*Marshall, C.J.*)) for such denial of recusal and such can be reviewed on appeal upon a final order or judgment; and federal law, authorities details; *The Use of Mandamus for Recusal Issues;* a petition for writ of mandamus is an appropriate method to seek recusal of a district judge under 28 U.S.C. § 455(a) not a direct appeal upon denial. See *SCA Servs., Inc. v. Morgan* , 557 F.2d 110, 117–18 (7th Cir. 1977). A denied § 455(a) motion could be reviewed *only* by mandamus petition, whereas § 455(b) denials could also be reviewed on direct appeal after final judgment. See *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985).
- Denials of requests to transfer venue

- o Orders affecting Appellant's ability to litigate, respond, or oppose dispositive motions

These issues are inextricably intertwined and are preserved for appellate review.

**2. State the date on which the judgment, order, or decree was entered:**

December 19, 2025 **[ECF 145]**; December 19, 2025 **[ECF 146]**; January 5, 2026 **[ECF 153]**; January 5, 2026 **[ECF 154]** (*attached hereto*)

**Part 3: Identify the other parties to the appeal:**

**List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:**

| | | |
|---|---|---|
| Chapter Kris Jackson<br>21151 S Western Ave. Ste 177<br>Torrance, CA 90501<br>424-272-5269<br>jackson@chchproductions.com<br>*(Allege Debtor 1- Dismissed 03/07/2024)* | Attorney: *Pro Se* | |
| Rachel Gossett and Jordan Beswick,<br>Co-Trustees of the Jackson Family Trusts<br>A, B, and C<br>(*Petitioning Creditor*) | Represented by: *Terminated* (None) | |
| U.S. Trustee<br>United States Trustee<br>400 E. 9th St. Rm. 3440<br>Kansas City, MO 64106 | Represented by: | Jill Parsons<br>DOJ-Ust<br>400 E. 9th St. Rm. 3440<br>Kansas City, MO 64101<br>816-512-1943<br>jill.parsons@usdoj.gov |
| Victor F. Weber<br>1044 Main St, Ste 400<br>Kansas City, MO 64105<br>*Added: 04/24/2025*<br>*(Non-party)* | Represented by: | Jason Hans<br>GM Law PC<br>1201 Walnut St, Ste 2000<br>816-471-7700<br>jasonh@gmlawpc.com |
| Merrick Baker Strauss<br>1044 Main St, Ste 400<br>Kansas City, MO 64105<br>*Added: 04/24/2025* | Represented by: | Jason Hans<br>GM Law PC<br>1201 Walnut St, Ste 2000<br>816-512-1943<br>jasonh@gmlawpc.com |
| Rachel Gossett and Jordan Beswick,<br>Co-trustees of the Jackson Family Trust – | Represented by: | Frank wendt<br>Brown & Ruprecht, PC |

| | | |
|---|---|---|
| Trust "A", and Irrevocable Trusts "B", and "C" established January 7, 1999, as amended | | 2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>816-292-7000<br>fwendt@brlawkc.com |
| Eric Johnson<br>1000 Walnut St #1400<br>KCMO, 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, Ste 1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |
| Rachel Gossett<br>182 Juniper Rd<br>Roundup, MT 59072 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Jordan Beswick<br>4920 NW Salishan Dr<br>Portland, OR 97229 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Rachel Gossett and Jordan Beswick<br>c/o Grossman Law Firm<br>1770 Iowa Ave, Ste 260<br>Riverside, CA 92507 | Represented by: | Frank Wendt<br>Brown & Ruprecht, PC<br>2323 Grand Blvd, Ste 100<br>Kansas City, MO 64108<br>fwendt@brlawkc.com |
| Aristocrat Motor Company Inc<br>14200 Mount Olivet Rd<br>Smithville, MO 64089<br>ARMOCO Inc<br>14200 Mount Olivet Rd<br>Smithville, MO 64089 | | |
| T.E.N. Investments Inc<br>CT Corporation System<br>120 South Central Ave<br>Clayton, MO 63105 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Santander Consumer USA Holdings Inc<br>c/o Corporation Service Company | Represented by: | Michael P. Gaughan<br>10484 Marty St |

| | | |
|---|---|---|
| 251 Little Falls Drive<br>Wilmington, Delaware 19808 | | Overland Park, KS 66212<br>mgaughan@lewisricekc.com |
| Santander Consumer USA Inc<br>c/o CT Corporation System<br>5661 Telegraph Rd Ste 4B<br>Saint Louis, MO 63129-4275<br>TransUnion LLC<br>c/o CT Corporation System<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaughan@lewisricekc.com |
| Kraft Tool Company<br>8325 Hedge Lane Terrace<br>Shawnee, KS 662277 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Partic.linden@caselinden.com |
| Ronald G Meyer<br>8325 Hedge Lane Terrace<br>Shawnee, KS 662277 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Spenserv Inc<br>1000 Walnut St #1400<br>Kansas City, MO 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, #1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |
| Spencer Fane LLP<br>1000 Walnut St #1400<br>KCMO, 64106 | Represented by: | Leslie A. Greathouse<br>Spencer Fane LLP<br>1000 Walnut, #1400<br>Kansas City, MO 64106<br>lgreathouse@spenserfane.com |
| Soave Automotive Group Inc.<br>c/o The Corporation Company<br>40600 Ann Arbor Road East, Suite 201,<br>Plymouth, MI 48170 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108 |
| Soave Enterprises LLC<br>c/o The Corporation Company<br>Address: 40600 Ann Arbor Road East, #201<br>Plymouth, MI 48170 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>patric.linden@caselinden.com |

| | | |
|---|---|---|
| Soave Automotive Group - St. Louis LLC<br>CT Corporation System<br>120 South Central Ave<br>Clayton Mo 63105 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>patric.linden@caselinden.com |
| Experian Information Solutions Inc.<br>CT Corporation System,<br>350 N St. Paul St.<br>Dallas, TX 75201 | | |
| Angela Lewitzke<br>1507 Laurel St,<br>Kearney, MO 64060 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Edward L. Schwartz<br>10477 E Houghton Lake Dr<br>Houghton Lake, MI 48629 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Kevin Killilea<br>13060 W 52Nd Ter,<br>Shawnee, KS 66216 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Marion Battaglia<br>11513 Rosewood St<br>Leawood KS 66211 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Robert Hellweg<br>4021 W 94th St.<br>Prairie Village, KS 66207 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Angelique Soave<br>14252 Hobart Ave,<br>Warren MI 48089 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108 |
| Equifax Inc.<br>The Prentice-Hall Corporation System, Inc.<br>1201 Hays Street, Suite 105<br>Tallahassee, FL 32301 | Represented by: | Michael J. Riedl<br>900 W. 48th Pl, #900<br>Kansas City, MO 64112<br>mriedl@polsinelli.com |

| | | |
|---|---|---|
| KCMER Investments, Inc.<br>CT Coporation System<br>120 South Central Ave<br>Clayton Mo 63105 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Case Linden PC<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Case Linden Kurtz Buck<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Patric Linden<br>Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Blane Markley<br>6201 College Blvd., Suite 500.<br>Overland Park, KS 66211-2435 | Represented by: | Leslie A. Greathouse<br>Spenser Fane LLP<br>1000 Walnut Ste 1400<br>Kansas City, MO 64106<br>lgreathouse@spencerfane.com |
| Patric Shane Linden<br>4027 Tracy Ave<br>Kansas City, MO 64116 | Represented by: | Patric Linden<br>Case Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64116<br>Patric.linden@caselinden.com |
| Trevor M Bond<br>c/o Ogletree<br>700 W. 47th St, Ste 500<br>Kansas City, MO 64112 | | |
| Jamie L. Welch<br>10812 Noland Ct,<br>Overland Park, KS 66210 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Kevin D Case<br>2600 Grand Blvd, Ste 300<br>Kansas City, MO 64108 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, # 300<br>Kansas City, MO 64108 |

Patric.linden@caselinden.com

Manfred Hetzel
14200 Mount Olivet Rd,
Smithville, MO 64089

Terry Buchholtz
13918 Mt Olivet Rd
Smithville, MO 64089

| | | |
|---|---|---|
| Stephanie Anne Turner<br>15409 Mastin St,<br>Overland Park, KS 66221 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Anthony L. Soave<br>3400 E Lafayette St,<br>Detroit, MI 48207 | Represented by: | Case Linden PC<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Ana Patricia Botin<br>c/o Banco Santander, S.A.,<br>c/o Santander Consumer USA Inc.<br>C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 | Represented by: | Michael Gaugham<br>10484 Marty St<br>Overland Park, KS 66212<br>mgaugham@lewisricekc.com |
| Brenda Schwab<br>As TTEE The Estate of Horst Schwab<br>13918 Mt Olivet Rd<br>Smithville, MO 64089 | Represented by: | James T. Schmidt<br>2345 Grand Blvd, #200<br>Kansas City, MO 64108<br>james.schmidt@lathropgpm.com |
| Kayce Jones<br>9400 W 65th St,<br>Merriam, KS 66203 | Represented by: | Case Linden PC<br>Patric Linden<br>2600 Grand Blvd, #300<br>Kansas City, MO 64108<br>Patric.linden@caselinden.com |
| Justin R Leck<br>c/o Spenserv Inc<br>c/o Spencer Fane LLP<br>1000 Walnut St #1400<br>Kansas City, MO 64106 | Represented by: | Spencer Fane LLP<br>1000 Walnut St, #1400<br>Kansas City, MO 64106 |
| Tim Wennes<br>c/o Santander Consumer USA Inc.<br>1601 Elm St | Represented by: | Michael P. Gaughan<br>10484 Marty St<br>Overland Park, KS 66212 |

Dallas, TX 75201 mgaughan@lewisricekc.com

Christina Riley
c/o Santander Consumer USA Inc.
1601 Elm St
Dallas, TX 75201

Represented by: Michael P. Gaughan
10484 Marty St
Overland Park, KS 66212
mgaughan@lewisricekc.com

Eighth Circuit Bankruptcy Appellate Panel
111 S. 10th St, 24th Floor
St. Louis, MO 63102

**Part 4: Optional election to have appeal heard by District Court:**

**If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.**

___________ Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below:**

Dated: 01/07/2026

Respectfully Submitted,

By: ______________________________
Chapter Kris Jackson
21151 S Western Ave. Ste 177
Torrance, CA 90501
424-272-5269
jackson@chchproductions.com
*(Debtor 1- Dismissed 03/07/2024)*

**CERTIFICATE OF SERVICE**

I Chapter Jackson, hereby certify that on January 07, 2026, I caused a true and correct copy of this notice of appeal was served upon the parties who are entitled to notice pursuant to Fed. R. Bankr. P. 2002, Local Rule 2002-1 by the ECF system electronic service and those who are named as parties and or who are interested parties and have not yet appeared and are not receiving electronic notice via US mail postage prepaid as follows:

Aristocrat Motor Company Inc
14200 Mount Olivet Rd
Smithville, MO 64089

ARMOCO Inc
14200 Mount Olivet Rd
Smithville, MO 64089

TransUnion LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Experian Information Solutions Inc.
CT Corporation System,
350 N St. Paul St.
Dallas, TX 75201

Manfred Hetzel
14200 Mount Olivet Rd,
Smithville, MO 64089

Terry Buchholtz
13918 Mt Olivet Rd
Smithville, MO 64089

Eighth Circuit Bankruptcy Appellate Panel
111 S. 10th St, 24th Floor
St. Louis, MO 63102

Chapter Kris Jackson

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>ORDER GRANTING MOTION TO DISMISS OF SANTANDER CONSUMER USA INC. AND SANTANDER CONSUMER USA HOLDING INC. [ECF NO. 92] WITH PREJUDICE</u>**

Pending before the Court is the motion of Defendants Santander Consumer USA Inc. and Santander Consumer USA Holding Inc. ("Movants") to dismiss the adversary complaint filed by Plaintiff Chapter Kris Jackson.[1] For the reasons set forth below, the motion will be GRANTED and all claims dismissed with prejudice.

***Introduction***

The ***Introduction*** as set forth in the Order Granting Defendant Victor Weber and Merrick, Baker & Strauss, P.C.'s Motion to Dismiss [ECF No. 27] AND Order Granting Motion to Dismiss of Defendants Rachel Gossett and Jordan Beswick [ECF No. 44] (the "Weber Order")[2]; Order Granting Motion to Dismiss of Defendant Equifax [ECF No.79] (the "Equifax Order")[3]; Order Granting Motion to Dismiss of Case Linden, et. al [ECF No. 29] (the "Case Linden Order")[4];

---

[1] ECF No. 27.
[2] ECF No. 104.
[3] ECF No. 105.
[4] ECF No. 109.

Order Granting Motion to Dismiss of Defendant Brenda Schwab, as Trustee of the Estate of Horst Schwab [ECF No. 31] (the "Schwab Order")[5]; Order Granting Motion to Dismiss of T.E.N. Investments, et. al [ECF No. 35] (the "T.E.N. Investments Order")[6]; and Order Granting Motion to Dismiss of Spencer Fane LLP, et. al [ECF No. 58] (the "Spencer Fane Order")[7] (collectively, the "Previous Orders") is incorporated herein by reference. Additional procedural context about the underlying involuntary bankruptcy case (also sometimes referred to as the "main case") and the adversary complaint as set forth in this Court's many previous orders is also incorporated by reference.[8] Additional background specific to Movants is set forth below.

Movants filed their Motion to Dismiss on November 14, 2025. The Court's Order and Notice Setting Hearing established a response deadline for Jackson of December 2, 2025, and set the matter for hearing at the pretrial, scheduled for January 7, 2026. Jackson filed a late response on December 12,[9] ten days after her response deadline, but the Court agreed to accept the untimely filing.[10] Movants filed an untimely short reply, standing by the arguments made in their original motion.[11] The matter is ripe for determination.

Movants filed this motion to dismiss Jackson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Movants, adopting the arguments and citation to authority set forth by Movant Equifax, contend that Jackson's complaint is subject to dismissal because it fails to comply with

---

[5] ECF No. 113.
[6] ECF No. 121.
[7] ECF No. 140.
[8] *See* Court Orders/Notices issued in this Adversary to date: ECF Nos. 2, 9, 15, 23, 25, 45, 49, 50, 51, 52, 53, 64, 65, 66, 67, 68, 74, 75, 78, 81, 82, 83, 86, 89, 91, 95, 103, 104, 105, 109, 113, 117, 121, 140 and Court Orders/Notices issued in the underlying bankruptcy case (23-41601): ECF Nos. 4, 8, 29, 38, 39, 40, 45, 72, 73, 74, 75, 76, 79, 81, 86, 95, 97, 107, 113, 126, 128, 134, 137, 141, 145, 161, 162, 165, 168, 175, 182, 184, 186, 202, 203, 204, 210, 211, 215, 216, 220, 221, 228, 233, 236, 239.
[9] ECF No. 116.
[10] ECF No. 117.
[11] ECF No. 142. Movants state that their Reply is one day out-of-time and request a one-day extension. The Court grants the extension.

pleading requirements and fails to state a cause of action. Fed. R. Civ. P. 12(b)(6). Movants also argue that, although Jackson alleges Movants are signatories to an arbitration agreement, Jackson has not elected to proceed with arbitration, and thus, the argument to compel arbitration should also be denied as part of the dismissal motion. The Court likewise incorporates herein by reference the ***Legal Standards*** as set forth in the Previous Orders.

### ***Analysis***

Movants argue that Jackson's complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). Movants argue that dismissal is appropriate because the complaint: (1) does not comply with the pleading requirements of Rule 8; and (2) fails to state a cause of action because Movants are not a petitioning creditor subject to § 303(i).

***Pleading Deficiencies***

For the same reasons as discussed in the Previous Orders, dismissal is appropriate under Rule 12(b)(6) because of Jackson's pleading deficiencies. As described in the Previous Orders, Jackson failed to comply with Fed. R. Civ. P. 8 as made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Rule 8 requires that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even giving Jackson's complaint the benefit of liberal review, as required, the allegations are conclusory and do not give fair notice of the claims asserted against Movants. Furthermore, Jackson names several Santander entities[12] in the "Parties" section of the complaint but then, refers to Santander as a collective entity without identifying which Santander entity she is discussing.[13]

---

[12] ECF No. 1 ¶¶ 13,15, 41, 42. Jackson names four Santander entities as defendants: Santander Consumer USA, Santander Consumer USA Holdings, Banco Santander S.A., and Santander USA Capital Markets LLC. Jackson does not even show how the other Santander entities have any connection to the financing done by the Santander Consumer entity.

[13] *See, e.g.*, ECF No. 1 ¶¶ 122, 127, 128.

This Court has already described the deficiencies in this Complaint in the Previous Orders. The most glaring problems are that Jackson's allegations are made against the Movants collectively; fail to specify individualized conduct of the Movants; and fail to connect Movants to the other Defendants under any type of conspiracy, agency, or other theory. As explained in more detail below, the broad allegations of Jackson's complaint fail to comply with the notice requirements of Rule 8 as to any of the Movants and fail to plead a plausible cause of action against Movants.

***No Plausible Claim for Relief***.

As this Court has set forth in detail in the Previous Orders, Jackson's claims for relief relate to her purchase of a Porsche Cayenne from Aristocrat Motors in 2018 and have nothing to do with the involuntary bankruptcy.

Reading her complaint liberally, as this Court must, Jackson's primary allegation as to Movants is related to Movants' involvement in the financing of the Porsche. Jackson states: "the Dissolved Aristocrat Motors purportedly submitted Plaintiff's credit application to Santander Consumer USA, Inc. . . . thereby attempting to initiate a financing relationship that was void ab initio." [14] Jackson accuses Santander broadly of having "an impeccable reputation for predatory lending[15] and alleges Santander and "its employees, CEO and officers falsely held themselves out as [her] lender/creditor … " and/or a false assignee of her loan.[16] Jackson then attempts to weave some sort of connection between Movants and Trevor Bond and the Case Linden law firm, in addition to Victor Weber.[17] The Case Linden law firm represented Santander (and others) in the

[14] ECF No. 1 ¶ 78.
[15] ECF No. 1 ¶ 75.
[16] ECF No. 1, ¶¶ 122, 142.
[17] The claims against Trevor Bond and the Case Linden Law firm were addressed in ECF No. 109. With respect to Victor Weber, Jackson alleges that Weber, who is also a Chapter 7 panel Trustee, sued Santander in his capacity as a bankruptcy trustee (ECF ¶ 107), and that Movants, in concert with Bond and the Case Linden firm in turn "used the filing of the involuntary Bankruptcy petition filed against the Plaintiff to gave favorable leverage, and a more favorable

lawsuit initiated by Jackson in Johnson County, Kansas, and Trever Bond is a former attorney at the Case Linden Firm.[18]

The complaint states no claim whatsoever against the Movants. Jackson alleges no conduct of the Santander entities connected to the involuntary bankruptcy filing. This Court has already reviewed and rejected the allegations with respect to Trevor Bond and the Case Linden Law Firm.[19] That these attorneys represented Movants adds no plausibility to her claims, just as this Court discussed in the Case Linden and Spencer Fane orders.[20] As addressed in the Previous Orders, Jackson's claims – which allege a far-reaching and far-flung conspiracy among creditors, financial institutions, corporations, employees, owners, law firms, attorneys, and others to "orchestrate" the filing of an involuntary bankruptcy against her years after her purchase of the Porsche, merely because some of the attorneys talked to each other about her – is without merit both factually and legally. The Court has rejected Jackson's theory as to all the other alleged participants in the alleged conspiracy, and the Court rejects it with respect to these Movants as well.

As stated in the Spencer Fane Order, Jackson's allegations provide only bare identifying information about these Movants and reference very little conduct on the part of these Movants and no conduct which is connected in any way to the involuntary bankruptcy proceeding. Instead,

---

outcome for other cases in which Santander Consumer was sued by the United States Trustee Victor Weber in an entirely different adversary action." ECF 1 ¶ 2. This assertion is laughable; Mr. Weber is not the U.S. Trustee, and in his capacity as a Chapter 7 Trustee of courses sues many entities in the exercise of his fiduciary duty and strong-arm powers to avoid liens and transfers. All settlements negotiated by any Chapter 7 Trustee are subject to Rule 9019, notice to creditors, and Bankruptcy Court approval. Jackson fails to cite any specific adversary proceeding in which this supposedly nefarious deal was struck. This type of conclusory allegation is exactly what the Supreme Court sought to prevent in its *Iqbal* and *Twombley* cases, i.e., to require a plaintiff to plead a plausible claim, as opposed to one based on rampant speculation and conjecture, like Jackson's.

[18] *Jackson v. Soave Automotive Group*, et. al, Case No. 22-cv-00108, pending in the District Court of Johnson County, Kansas. More about this case will be discussed below.

[19] A review of the docket sheet in the Johnson County shows that the Case Linden law firm represented the majority of defendants in that case, including Aristocrat Motors and Santander Consumer USA Inc. among others.

[20] ECF Nos. 109, 140.

the Movants are included collectively in the conspiracy-type allegations discussed in the Previous Orders, characterizing all participants, including these Movants, as "de facto petitioning creditors" in the involuntary bankruptcy proceeding.

As the Court determined in the Previous Orders, Jackson's claims asserted in Counts I, II, III, IV, and V fail as a matter of law because these claims all require a finding that the Movants qualify as "de facto petitioning creditors." The Court incorporates by reference herein its discussion in the Previous Orders of the flaws in Jackson's de facto petitioning creditor theory and the reasons both legally and factually the Court rejects any application of the theory – whether based on conspiracy or agency principles – in this case. Movants' motion to dismiss under Rule 12(b)(6) for failure to state a plausible claim is therefore GRANTED.

***Motion to Compel Arbitration***

Movants do not address in detail Jackson's contention that her claims against Santander must be arbitrated before the Court may reach the merits. Movants' only statement regarding Jackson's motion to compel arbitration in its Motion to Dismiss is this: "Plaintiff alleges that Santander is a party to the arbitration agreement. If so, and if the Plaintiff has elected to compel Santander to arbitrate, she has elected her remedies and must proceed in that forum."[21]

Jackson filed an 87-page response, insisting that Movants, by this statement, have conceded that "it is a party to the Arbitration Agreement" and that "it must proceed in arbitration with Santander." The gist of Jackson's response is that Movants have now agreed to arbitration and that pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "F.A.A."), the Court must compel arbitration and stay the claims in the adversary proceeding.

[21] ECF No. 92.

This Court does not view the statement in Movants' motion to dismiss as a concession that Movants believe a binding arbitration agreement exists and that any dispute between them – including the discredited de facto petitioning creditor theory – should be subject to arbitration. Movants' statement was made in connection with its Rule 12(b)(6) motion to dismiss where Movants unequivocally sought dismissal with prejudice. If Movants were conceding that arbitration was appropriate, Movants would not have requested dismissal of all claims with prejudice.

This Court agrees that Movants' statement could have been clearer. Nevertheless, Movants' statement is entirely consistent with this Court's view that if Jackson wished to proceed with arbitration against Movants, she should have proceeded in that forum. Instead, Jackson filed an adversary complaint in the Bankruptcy Court against these Movants and numerous other defendants, first requesting a jury trial and then seeking to bootstrap an arbitration provision in a contract with Santander Consumer to force all other co-defendants to arbitrate. *See, e.g.*, *In Re Pawn Am. Consumer Data Breach Litig*, 108 F.4th 610, 614 (8th Cir. 2024) (A party acts inconsistently with the right to arbitrate where it substantially invokes the litigation machinery).

There is an additional reason to support this Court's denial of Jackson's motion to compel arbitration as against Movants: issue preclusion. A brief history of Jackson's litigation against Movants is necessary.[22]

On January 10, 2022, Jackson sued many of the same parties, including Movants, in the District Court of Johnson County Kansas, *Chapter Kris Jackson v. Soave Automotive Group*, Case

[22] The Court takes judicial notice of the publicly available records of the applicable federal and state courts involved as authorized under F.R.E. 201.

No. 22-cv-00108 (the "State Court Action").[23] Jackson asserted claims against Movants, among others, arising out of her purchase of the Porsche Cayenne.

Two days later, on January 12, 2022, Jackson sued substantially the same parties in the U.S. District Court for the Western District of Missouri, *Kris Chapter Jackson v. Soave Automotive Group, Inc., et al*., Case No. 4:22-cv-00018, concerning the same Porsche transaction.[24] The U.S. District Court subsequently transferred the case to the U.S. District Court in Kansas. *Jackson v. Santander Consumer USA Inc.*, No. 2:23-cv-02403-DDC-TJJ (the "Federal Court Action").

In the Federal Court Action, Jackson moved to compel arbitration against Movants, attaching the same arbitration agreement as she references in this case.[25] The U.S. District Court denied her motion to compel arbitration, finding:

> Plaintiff [Jackson] has waived her right to arbitration by displaying conduct adverse to the right to arbitrate after consideration of the factors used to make the waiver assessment, as set out in Defendants' response (ECF No. 92). Plaintiff has substantially invoked litigation machinery and acted inconsistent with the right to arbitrate by filing this lawsuit on January 12, 2022, engaging in discovery and extensive motion practice while the case has been pending in both state court and the United States District Court for the Western District of Missouri before being transferred to this court. Plaintiff's actions in actively litigating this case, combined with a delay of nearly 19 months before filing her motion to stay and compel arbitration, waives her right to arbitrate.[26]

Jackson appealed the denial of her motion to compel arbitration to the Tenth Circuit Court of Appeals, which subsequently dismissed her appeal for lack of prosecution.[27] On the eve of a scheduled deposition, Jackson apparently attempted to renew her motion to compel arbitration,

---

[23] About a week later, Jackson also filed a suit in the Kansas state court to "quiet title" in the Porsche, Case No. 22-cv-000018. That case was subsequently consolidated with the existing State Court Action.

[24] It is unknown why Jackson sued under the name "Chapter Kris Jackson" in the State Court Action, and "Kris Chapter Jackson" in the U.S. District Court.

[25] The same Retail Installment Contract was used as the source for the arbitration action in Kansas and here. *Cf.* 2:23-cv-02403-DDC-TJJ, ECF No. 89, 1-1 Exh. 33.

[26] *Jackson v. Soave Automotive Group, Inc.*, Case No 2:23-2403 (D. Kan. Nov. 18, 2024) [ECF No. 99] (so captioned in the title of the Order).

[27] *Jackson v. Santander Consumer USA Inc.,* No. 23-3242 (10th Cir. July 2, 2024).

arguing in essence that the U.S. District Court's Order denying her motion to compel arbitration was not valid because of the involuntary bankruptcy filing. The U.S. District Court again denied the motion, noting that the Court had already denied Jackson's motion to compel.[28] The U.S. District Court eventually stayed the proceedings on November 18, 2024, pending the conclusion of the State Court Action, based on the *Colorado River* abstention doctrine, which operates to stay federal court proceedings that parallel a state court proceeding.[29]

Thus, in addition to the reasons set forth in the Previous Orders, an additional reason exists to deny the motion to compel arbitration here, that of issue preclusion. *See Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010) (elements of issue preclusion). As stated by the Eighth Circuit, issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

Jackson is attempting to relitigate the arbitration issue here which she raised, and lost, before the U.S. District and is thus collaterally estopped from raising the issue again. *See RCZ Management LLC v. Hunt*, Case No. 17-01269, 2018 WL 3873670 (D.N.M. Aug. 15, 2018)

---

[28] *Jackson v. Soave Automotive Group, Inc.*, Case No 2:23-2403 (D. Kan. Oct. 29, 2024) [ECF No. 252]. The Court notes that the U.S. District Court conducted its scheduling conference in which it ruled that Jackson waived her right to arbitration on November 15, 2023, at 2:30 p.m. [ECF Nos. 96, 97] and the involuntary petition was not filed until the next day, November 16, 2023, at 3:39 p.m. The U.S. District Court's scheduling order incorporating its ruling denying the motion to compel arbitration was docketed sometime on the same day, November 16; but regardless of whether the U.S. District Court's Order was entered before or after the filing of the involuntary petition, the entry of the order would be a ministerial act, and thus not void. *See In re Vierkant*, 240 B.R. 317, n.2 (8th Cir. B.A.P. 1999). Jackson's arguments to the contrary before the U.S. District Court in Kansas and in other courts, such as the C.D. of California Court [ECF No. 105], discussed below, are just wrong.

[29] *Jackson v. Santander Consumer USA Inc.*, 23-2403-DDC-TJJ, 2024 WL 4817502, at *7 (D. Kan. Nov. 18, 2024). (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

(collateral estoppel or issue preclusion barred plaintiff from bringing its action to compel arbitration because it was a party to the state court case in which the issue of whether it could enforce the arbitration agreement it now relies on was necessarily decided). All elements of issue preclusion apply: Jackson is seeking an order to compel arbitration based on the same agreement, against the same party, and arising out of the same transaction. The U.S. District Court held that Jackson waived her ability to enforce the arbitration agreement, and the appeal was dismissed for lack of prosecution. The ruling is therefore a final judgment, and Jackson cannot relitigate that ruling here. *See Robinette*, 476 F.3d at 589 (discussing what constitutes a final judgment for purposes of issue preclusion).[30]

Even if Jackson is not bound by issue preclusion, this Court would still find she has waived the right to compel arbitration against Movants. In her reply, Jackson attempts to argue that the U.S. District Court's Order finding she waived her right to arbitration does not apply because, in essence, the issues in her bankruptcy adversary complaint are different from those in the State Court Action and the Federal Court Action. Jackson's argument might have some superficial appeal, were it not for the fact that, in an attempt to get this Court to stay her case against Movants in the Federal Court Action, she argued to this Court that the issues in that action "are identical to those before this Court… ."[31] For this additional reason, Jackson is judicially estopped from denying she has waived an alleged right to arbitrate against Movants.[32]

---

[30] *See also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (Section 16(a) of the F.A.A. creates a rare statutory exception to the usual rule that parties may not appeal before final judgment).

[31] ECF No. 13, p. 3.

[32] The Court also notes that Jackson sued Movants on similar claims arising out of the Porsche purchase in the U.S. District Court for the Central District of California on November 9, 2024, also moving to compel arbitration. *Jackson v. Santander Consumer USA, et. al,* Case No. 24-CV-9492-SRM-SK. The Court in that case refused to grant a temporary restraining order to compel arbitration, *Jackson v. Santander Consumer USA, et. al*, 2024 WL 5411368 (C.D. Cal. Nov. 26, 2024) and later dismissed the case, finding that under the forum selection clause in the arbitration agreement, the proper venue was where the Porsche was purchased (Kansas), also declining to transfer the case to Kansas, "given that Plaintiff had already initiated proceeding in the District Court of Johnson County, Kansas in 2022

Finally, and without belaboring the point, the Eighth Circuit has ruled in *Stursberg*[33] that § 303(i)(1) preempts state court remedies, and therefore, matters arising thereunder are core proceedings (and even § 303(i)(2) proceedings, if not core, are non-core, related to). Under the four-part tests most courts recognize for determining when a proceeding in a bankruptcy case must be arbitrated, arbitrating a § 303(i) dispute would likely seriously jeopardize the objectives of the Bankruptcy Code, since the intent of Congress as expressed by the Eighth Circuit was to preempt other remedies.[34] And as the Court has previously noted, Jackson alleged that the Bankruptcy Court had jurisdiction over her complaint.[35]

For all these reasons, Jackson's motion to compel arbitration is DENIED.

***Amendment of Complaint***

Movants urge that the complaint be dismissed with prejudice as any amendment to the complaint would be futile and unduly prejudicial. The Court agrees. The Court incorporates herein the ***Amendment of Complaint*** section in the Previous Orders. The complaint is hereby dismissed with Prejudice as to Defendants Santander Consumer USA Holdings Inc. and Santander Consumer USA Inc. The Court directs entry of a final judgment of dismissal as to Jackson's claims against these Movants, expressly determining there is no just reason for delay.[36]

IT IS SO ORDERED.

DATED: December 19, 2025

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

against Santander and other entities, in which she could seek the relief she requests." *Jackson v. Santander Consumer USA, et. al*, 2025 WL 3152241 (C.D. Cal. Oct. 1, 2025).

[33] *Stursberg v. Morrison Sund PLLC*, 112 F.4th 556 (8th Cir. 2024).

[34] *See, e.g., In re S.W. Bach & Co*, 425 B.R. 78 (Bankr. S.D.N.Y. 2010).

[35] ECF No. 1, ¶ 53.

[36] Pursuant to Fed. R. Civ. P. 54(b) as made applicable by Fed. R. Bankr. P. 7054. Given the pendency of the Kansas State Court Action and the Kansas Federal Court Action, the Court finds there is a need for a final order to minimize the risk of inconsistent rulings.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Chapter Kris Jackson,** | ) | **Case No. 23-41601-can-7** |
| **Alleged Debtor.** | ) | **Involuntary Chapter 7** |
| | ) | |
| | ) | |
| **Chapter Kris Jackson** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adv. No. 25-4023-can** |
| **v. Eric Johnson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER DISMISSING PLAINTIFF'S ADVERSARY COMPLAINT WITH PREJUDICE**

Pending before the Court is the Plaintiff's Adversary Complaint, filed on September 2, 2025.

The Court incorporates its Previous Orders (as so defined in those orders) granting the Motions to Dismiss with prejudice of various Defendants for Plaintiff's failure to state a claim. In the meantime, the Court issued Orders to Show Cause to Plaintiff why the complaint should not be dismissed for failure to timely serve the remaining Defendants. Plaintiff having failed to both timely serve the remaining Defendants and to have shown cause for her failure to do so, and the time for serving such remaining Defendants having expired, the Court does hereby ORDER:

That Plaintiff's complaint as to all Defendants and with respect to all counts is hereby DISMISSED with prejudice; provided, that nothing in this Order is intended to effectuate a dismissal of Plaintiff's claims against Defendants Victor Weber, Merrick, Baker & Strauss, Rachel Gossett and Jordan Beswick as Co-Trustees, pending in the underlying bankruptcy case.

IT IS SO ORDERED.

DATED: 1/5/2026

/s/ Cynthia A. Norton
U.S. Chief Bankruptcy Judge Cynthia A. Norton

7jgmtwoh (5/19)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

***In Re:*** Chapter Kris Jackson
***Debtor***

***Bankruptcy Case No.***
23−41601−can7

**Chapter Kris Jackson**
Plaintiff(s)

***Adversary Case No.***
25−04023−can

v.

**Eric Johnson**
**Aristocrat Motor Co., Inc.**
**ARMCO, Inc.**
**T.E.N. Investments, Inc.**
**Santander Consumer USA Holdings Inc.**
**Santander Consumer USA Inc.**
**TransUnion LLC**
**Kraft Tool Company**
**Ronald G Meyer**
**Spencer Fane LLP**
**Soave Automotive Group Inc.**
**Soave Enterprises LLC**
**Soave Automotive − St. Louis LLC**
**Experian Information Solutions Inc.**
**Angela Lewitzke**
**Edward L Schwartz**
**Marion Battaglia**
**Robert Hellweg**
**Angelique Soave**
**KCMER Investment Inc.**
**Blane Markley**
**Manfred Hetzel**
**Terry Buchholtz**
**Stephanie Anne Turner**
**Anthony L Soave**
**Anna Patricia Botin**
**Kayce Jones**
**Justin R. Leck**
**Chrysler Capital LLC**
**Tim Wennes**
**Christiana Riley**
**Spenserve, Inc.**
**Kevin Killilea**
Defendant(s)

## CLERK'S JUDGMENT

The issues of this proceeding having been duly considered by the Honorable Cynthia A Norton , United States Bankruptcy Judge, and a decision having been reached without trial or hearing.

***IT IS ORDERED AND ADJUDGED***: Pending before the Court is the Plaintiffs Adversary Complaint, filed on September 2,
2025.

The Court incorporates its Previous Orders (as so defined in those orders) granting the Motions to Dismiss with prejudice of various Defendants for Plaintiffs failure to state a claim. In the meantime, the Court issued Orders to Show Cause to Plaintiff why the complaint should not be dismissed for failure to timely serve the remaining Defendants. Plaintiff having failed to both timely serve the remaining Defendants and to have shown cause for her failure to do so, and the time for serving such remaining Defendants having expired, the Court does hereby ORDER:

That Plaintiffs complaint as to all Defendants and with respect to all counts is hereby DISMISSED with prejudice; provided, that nothing in this Order is intended to effectuate a dismissal of Plaintiffs claims against Defendants Victor Weber, Merrick, Baker & Strauss, Rachel Gossett and Jordan Beswick as Co−Trustees, pending in the underlying bankruptcy case.

PAIGE WYMORE−WYNN
Court Executive

By: /s/ Kristina D. Richardson
Deputy Clerk

Date of issuance: 1/5/26

Court to serve